STATE EX REL. O'GRADY ET AL., RELATORS, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 4,982.)

(Submitted October 17, 1921. Decided November 21, 1921.)

[202 Pac. 575.]

*Certiorari—Contempt—Appeal — Abandonment — Jurisdiction
—Stipulations.*

Judgments and Orders—Appeal Removes Cause and Judgment to Supreme
Court.
  1. An appeal from a judgment automatically removes the action as
  well as the judgment to the supreme court, thereby divesting the
  trial court of further jurisdiction over either.

Same—Appeal—Jurisdiction in Trial Court by Stipulation Ineffectual.
  2. Where the district court is deprived of jurisdiction of a cause
  by appeal, the parties cannot by stipulation reinvest such court with
  jurisdiction.

Same—Appeal—Abandonment Does not Reinvest Trial Court With Juris-
diction—Contempt.
  3. A board of county commissioners perfected an appeal from an
  order of the district court commanding it to pay certain claims.
  Without dismissing it in the supreme court, it subsequently advised
  the trial court that it would abandon its appeal. That court there-
  upon amended the judgment in certain respects and ordered the board
  to pay the claims. The county clerk instead of delivering the warrants
  to the claimants as ordered, lodged them with the county treasurer
  and he refused to pay or register them. They were adjudged guilty
  of contempt. *Held,* on *certiorari,* that the district court acted in
  excess of jurisdiction in amending its judgment, and that therefore
  its order directing payment of the claims was void.

Contempt—Disobedience of Void Order not Contempt.
  4. For disobedience of a void order of court, a party cannot be
  adjudged guilty of contempt.

Original proceedings in *certiorari* by the State of Montana,
on the relation of B. K. O'Grady and another, against the
District Court of the Twentieth Judicial District in and for
the County of Sheridan, and Carl D. Borton, Judge presid-
ing, to review proceedings in which relators were adjudged
guilty of contempt. Order annulled.

---

4. Disobedience of void order as contempt, see note in 16 **L. R. A.**
(n. s.) 1063.

*Messrs. Wheeler & Baldwin, Mr. Alfred T. Vollum, Mr. Arthur C. Erickson* and *Mr. S. E. Paul,* for Relators, submitted a brief; *Mr. James S. Baldwin* argued the cause orally.

*Mr. Howard M. Lewis* and *Messrs. Hurly, Kline & Slattery,* for Respondents, submitted a brief; *Mr. Lewis* and *Mr. John Hurly* argued the cause orally.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

Original proceedings in *certiorari.* The record before us is voluminous and most of it unnecessary to be detailed for the purpose of this opinion; hence only so much thereof as is essential to indicate the basis of our conclusion will be given.

It appears that in civil cause No. 3754, *State ex rel. Lockwood* v. *R. G. Tyler et al.,* commenced in the district court of the twentieth judicial district, in and for Sheridan county, certain proceedings were had wherein an alternative writ of mandate was issued on January 15, 1921, directed to the members of the board of county commissioners, as such board, B. K. O'Grady, clerk and recorder, and D. J. Olson (substituted for Rex M. Movius, his predecessor in office), county treasurer, commanding them to do and perform certain acts in connection with the allowance of the claims of Lockwood and Blakeslee, copartners, against the county. On January 22, the court made and entered its judgment that a peremptory writ of mandate issue against the defendant board of county commissioners, directing the performance of the acts above mentioned, and specifically exempting from the operation of the judgment the defendants O'Grady and Olson. Peremptory writ was issued accordingly. On the same day defendant board of county commissioners served and filed notice of appeal from the judgment to the supreme court, together with the required undertaking. On May 4, L. V. Lockwood filed in the district court his motion to dismiss the appeal of defendant, enumerating many grounds for the

motion, but in general for the reason that the appeal had not been perfected according to law. May 16, the board of county commissioners, defendant, disclaimed any right to further prosecute its appeal by a motion filed for that purpose. On the same day the court made an order amending its judgment of January 22, and required the board to meet on May 27 and perform the acts above specified, and issued peremptory writ in accordance with the terms of the judgment as amended. The order and writ were served upon the members of the board as well as upon O'Grady and Olson. The board met pursuant to the writ, and as commanded, examined, audited, and allowed the claims of Lockwood and Blakeslee, caused warrants, duly signed by the chairman and clerk, to be issued for the various amounts and directed the clerk, O'Grady, to deliver them to Lockwood and Blakeslee. O'Grady, instead, gave the warrants to County Treasurer D. J. Olson, and both O'Grady and Olson refuse to deliver them to Lockwood and Blakeslee, despite their numerous demands. Olson still holds possession of the warrants against the protest of the claimants and refuses to pay or register the same. On July 5, Lockwood filed his affidavit to procure a citation against O'Grady, Olson, and the members of the board, for contempt in violating the order of the court contained in the writ of mandate of May 16; and on July 14 filed an amended affidavit for the same purpose, but urged the theory that they not only violated the provisions of the writ, but interfered with the process of the court. Citation was issued and the charge of contempt submitted to the court upon an agreed statement of facts, supplemented by the oral testimony of J. D. Matkins, a member of the board, resulting in judgment purging the members of the board of contempt, but finding O'Grady and Olson guilty and assessing a fine against each. Original writ of review issued out of this court September 26, 1921, upon relation of O'Grady and Olson, directed against the district court of the twentieth judicial district and Carl D. Borton, judge.

Reduced to a final summary, relators herein were adjudged
**[1-4]** guilty of contempt for violation of and interference
with an order of court made pursuant to a judgment which
had been amended by consent of all parties thereto, after an
appeal had been perfected to this court from the original judg-
ment.   That the order of May 16, amending the judgment of
January 22, was "a proceeding in the court below upon the
judgment appealed from" and "a matter embraced therein"
admits of no doubt.   (Section 7106, Rev. Codes.)   Appeal had
been taken to this court by the service and filing of notice
and filing the required undertaking (section 7100, Rev.
Codes), and therefore, to all intents and purposes, the action
in which the judgment appealed from, and the judgment
itself, was no longer in the court below, but automatically
was removed here and the lower court thereby divested of
jurisdiction over it.   The court below and the appellate court
cannot exercise jurisdiction at the same time over the same
judgment, nor can this court be deprived of its jurisdiction
when once acquired, by any act or order whatsoever of the
inferior tribunal.   Nor can any act or stipulation of the par-
ties themselves in the court below reinvest that court with a
jurisdiction which it had lost by virtue of an appeal.   The
appeal removed jurisdiction of the subject matter to this
court and "no agreement of parties can confer upon the court
a jurisdiction which is not given by law."   (*Wilson* v. *Davis,*
1 Mont. 98; *Sanders* v. *Farwell,* 1 Mont. 599; 11 Cyc. 673.)

The order of the court made on May 16 to amend its judg-
ment of January 22, from which appeal had long before been
taken, was in excess of its jurisdiction and void (*Hynes* v.
*Barnes,* 30 Mont. 25, 75 Pac. 523, and cases cited), and hence
these relators could not be held in contempt for violation of
or interference with that order.  "A party cannot be guilty
of contempt of court for disobeying an order which the court
had no authority of law to make."   (*State ex rel. Johnston*
v. *District Court,* 21 Mont. 155, 69 Am. St. Rep. 645, 53 Pac.
272; 9 Cyc. 10.)

We therefore recommend that the order of the court below adjudging the relators guilty of contempt be annulled.

ASSOCIATE JUSTICES GALEN, HOLLOWAY and COOPER: For the reasons stated by COMMISSIONER SPENCER, we are of opinion that the order of the court below adjudging the relators guilty of contempt should be annulled, and it is so ordered.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY: The conclusion reached by the majority of the court in this case is based upon the assumption that the district court had lost jurisdiction to put the judgment in the *mandamus* proceeding into execution because of the appeal therefrom by the board of commissioners. I am unable to understand, however, why, after an appeal has been perfected from a judgment and nothing else has been done, the appellant may not abandon his appeal and assent to the execution of the judgment as was done in this case. By pursuing this course, the appellant, it seems to me, estops himself to allege want of jurisdiction in the court rendering the judgment to put it in process of execution. If the appellant himself cannot allege want of jurisdiction to execute the judgment, a stranger to it, as the relators were here, cannot be heard to object, nor can he lawfully interfere with the process appropriate to carry it into execution. If he ventures to do so and renders the process nugatory, he is, in my opinion, subject to punishment as for a contempt under the provisions of section 7309 of the Revised Codes. And this is true whether he has been made a party by an amendment of the judgment or not. In my opinion it was entirely unnecessary for the district court to amend the judgment in the *mandamus* proceeding in order to make the relators parties, for without the amendment I think they would have been guilty of contempt in refusing to deliver the warrants to Lockwood and Blakeslee, who were entitled to have the

delivery made, on the theory that their conduct amounted to an unlawful interference with the process of the court within the meaning of the section of the Codes, *supra.*

For this reason, I cannot assent to the conclusion reached in the majority opinion.