STATE ex rel. UNITED STATES FIDELITY & GUAR-
ANTY CO., Relator, v. DISTRICT COURT et al.,
Respondents.

(No. 6,043.)

(Submitted September 27, 1926.  Decided October 21, 1926.)

[250 Pac. 609.]

*Supreme Court — Writs — Supervisory Control — Certiorari—
Mandamus—Appeal—Jurisdiction.*

Supervisory Control—Writ Lies, When.
   1.  The writ of supervisory control lies only where the district
   court, acting within jurisdiction, has acted so arbitrarily, un-
   lawfully and with such disregard of relator's rights as to be
   tyrannical, and where the remedy by appeal or other constitutional
   writ is neither plain, speedy nor adequate.
Supreme Court—Jurisdiction on Appeal Remains in Appellate Court
Until Transmission of Remittitur.
   2.  After the supreme court acquires jurisdiction of a case by
   appeal, such jurisdiction remains with it until the *remittitur* has
   been issued returning the case to the district court; hence where
   the lower court ordered a cause, decided by the supreme court
   but in which the *remittitur* had not been sent down, dismissed,
   it was without jurisdiction to do so and for that reason the
   writ of supervisory control did not lie to review its action.  (See
   par. 1, above.)
Same—Parties cannot by Consent Reinvest District Court With Juris-
diction Lost by Appeal.
   3.  Where the district court has lost and the supreme court
   has acquired jurisdiction by appeal, the parties cannot by
   consent reinvest the former with jurisdiction to make any order
   therein, and the party later attacking its authority to make
   such order will not· be held to have waived his right to there-
   after question its jurisdiction by his consent.
Same—Court may Grant Proper Relief by any Available Writ, When.
   4.  On application for a designated writ "or other appropriate
   writ" to afford the desired relief, the supreme court may, where
   the facts before it are sufficient to warrant any appropriate
   relief, grant the proper writ to accomplish the purpose of the
   application.
Certiorari—Record of Proceedings must be Certified by Clerk of Dis-
trict Court.
   5.  To warrant relief under a writ of *certiorari*, the record of
   the proceeding sought to be reviewed must be certified to the
   reviewing court by the clerk of the lower court; hence where
   in response to an order to show cause on application for writ,
   of supervisory control, or other proper writ, the district judge
   made return, and the supervisory writ did not lie, the writ of

2.  See 2 R. C. L. 120.
3.  See 7 R. C. L. 1039.

review could not issue under the prayer for some other proper
writ.

Mandamus—Enforcement of Private Right—Must Applicant Show De-
mand on Court for Relief.

6.  *Quaere:* Where a private right is sought to be enforced by
writ of mandate to the district court, must the applicant make it
appear that a demand was made upon the court or judge for the
performance of the act sought to be compelled?

Original application by the State on the relation of the
United States Fidelity & Guaranty Company of Baltimore,
Maryland, for a writ of supervisory control or other proper
writ to the District Court of the Fourth Judicial District in
and for the County of Missoula, and Asa L. Duncan, a Judge
thereof.   Proceeding dismissed.

*Messrs. Gunn, Rasch & Hall,* for Relator, submitted an origi-
nal and a reply brief; *Mr. M. S. Gunn* argued the cause orally.

*Mr. H. H. Parsons,* for Respondents, submitted a brief, and
argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On September 17, 1926, the relator herein filed its verified
petition in this court reciting that on April 6, 1923, the clerk
of this court issued a *remittitur* in the case of *Comerford* v.
*United States Fidelity & Guaranty Company,* which had there-
tofore, on the twenty-eighth day of February, 1921, been
decided by this court, and which decision is officially reported
in Volume 59, Montana Reports, at page 243 (196 Pac. 984),
to which at the time of its issuance was attached a copy of
the opinion and decision of this court above referred to, for
transmission to the district court of Missoula county; that
upon receipt of said *remittitur* the clerk of said district court
made an entry in the judgment docket in his office against
the original entry of the judgment from which the appeal in
said cause was taken, as follows: "Judgment reversed, and
case remanded as per *remittitur* filed April 7, 1923." It is
further recited in the petition that on December 1, 1922, the

said respondent district judge made an order, which was entered in the minutes of said district court, reading as follows: (Title of Court and Cause). "Upon motion of J. L. Wallace, Esq., of counsel for plaintiff, the above-entitled action is dismissed"; and that no judgment or order has been made or entered in said cause in the district court after the issuance and filing of said *remittitur* or since the entry of the aforesaid order of dismissal. The relator prayed that a writ of supervisory control, or other proper writ, issue out of this court directed to the respondents, requiring and commanding that the order dismissing said cause be rescinded, vacated, and set aside, and requiring and commanding said district court to render a final judgment on the merits in said cause in accordance with the judgment and decision of this court.

Upon the filing and presentation of this petition an order was issued requiring and commanding the said respondents to do and perform the things prayed for in said petition, or that they show cause before this court on September 27, 1926, why they should not do so. On the return day of this writ the respondent district judge appeared by counsel and filed a response admitting all the allegations of the petition, and for further response thereto set up: That while said case of *Comerford* v. *United States Fidelity & Guaranty Company* was still pending in this court, and prior to the time the *remittitur* was issued and transmitted to the clerk of the district court, the said relator, by and through its then attorneys, made an application to respondents asking and requesting that said action be dismissed; that pending said motion, and prior to a hearing thereon, the plaintiff in said action through her attorneys filed in said district court a *praecipe* signed by them for the dismissal of said action, reading as follows: (Title of Court and Cause). "To the Clerk of Said Court: Please dismiss the above action on motion of plaintiff; that thereafter and on December 1, 1922, the order of dismissal referred to in the petition was made and entered, and that at the time

said entry was made, one of the relator's then attorneys appeared in said court and consented to the making of said order, and that by reason of these facts the relator is estopped from challenging the making thereof. A copy of the motion made by respondent's counsel is attached to and made a part of the return, and from it it appears that it was grounded upon the fact that the cause had been finally determined on the merits against the plaintiff and in favor of the defendant therein, the relator herein. The response sets forth other matters, but in view of the conclusion at which we have arrived they are deemed immaterial, and it is not necessary to recite them. Upon this response of the district judge the matter was submitted to the court for final determination.

The writ of supervisory control is one to be seldom used, [1] and then only when other writs may not issue and other remedies are inadequate. Unless the petitioner can show in his application that the district court in the action sought to be reviewed has acted so arbitrarily, unlawfully, and with such disregard of his rights as to be tyrannical, and that the remedy by appeal or other constitutional writ is neither plain, speedy, nor adequate, the writ will not issue. Such has been the uniform holding of this court in numerous cases, from *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395, down to *State ex rel. Bonners Ferry Lumber Co.* v. *District Court,* 69 Mont. 436, 222 Pac. 1050, in which last-mentioned case many of our former decisions were cited and analyzed. In *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612, it is said: "The writ of supervisory control is issued only to correct rulings made by the lower court acting within jurisdiction, but erroneously, where there is not an appeal, or the remedy by appeal cannot afford adequate relief, and gross injustice is threatened as the result of such rulings."

From the rule announced in these cases it is clear that in [2] order to authorize a writ of supervisory control to be issued by this court it must in the first instance be shown that

the rulings of the lower court were made within jurisdiction. Did the district court of Missoula county have jurisdiction over the *Comerford Case* at the time the order dismissing the same was made on December 1, 1922? Although prior to that date a decision had been rendered therein on the appeal to this court, a *remittitur* had not been issued and transmitted to the district court.

In *State ex rel. Haskell* v. *Faulds,* 17. Mont. 140, 42 Pac. 285, it was expressly held that after the supreme court acquires jurisdiction of a case by an appeal, such jurisdiction remains in that court and is not divested until such time as a *remittitur* has been issued returning the case to the district court. (See, also, *Kimpton* v. *Jubilee Placer Min. Co.,* 16 Mont. 379, 41 Pac. 137, 42 Pac. 102; *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406; *Molt* v. *Northern Pac. Ry. Co.,* 44 Mont. 471, 120 Pac. 809; *State ex rel. Dolenty* v. *Reece,* 43 Mont. 291, 115 Pac. 681; *Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523.) So that on December 1, 1922, the exclusive jurisdiction of the case was in this court.

Counsel for respondent contend, however, that when the relator by its then counsel appeared in the district court, filed [3] a motion to dismiss the case, which motion was denied, and, as respondent contends, consented to a dismissal thereof on motion of the plaintiff in the case, it waived the question of the jurisdiction of the district court to make such order and cannot now be heard to question the authority of the respondent district judge to make it. This position cannot be sustained.

In *State ex rel. O'Grady* v. *District Court,* 61 Mont. 346, 202 Pac. 575, the relators therein had been adjudged guilty of contempt of court for violation of an order of the district court made pursuant to a judgment thereof, which had been amended by consent of all the parties thereto, after an appeal had been perfected to this court from the original judgment. This court held that the order adjudging the relators guilty

of contempt could not be sustained for the reason that when the appeal had been taken to this court, the district court lost all jurisdiction over the original judgment, had no authority to amend it, and that the attempted amendment containing the provision upon which the alleged contempt was based, was void, despite the fact that all the parties had consented thereto in the district court, saying: "The court below and the appellate court cannot exercise jurisdiction at the same time over the same judgment, nor can this court be deprived of its jurisdiction when once acquired, by any act or order whatsoever of the inferior tribunal. Nor can any act or stipulation of the parties themselves in the court below reinvest that court with a jurisdiction which it had lost by virtue of an appeal. The appeal removed jurisdiction of the subject-matter to this court and 'no agreement of parties can confer upon the court a jurisdiction which is not given by law.' " (See 15 C. J. 802.)

When the district court of Missoula county assumed to make the order dismissing the *Comerford Case,* it had no jurisdiction over it, since such jurisdiction was vested in this court when the appeal was taken therein and this jurisdiction had never been divested. Consequently the order of dismissal was made in excess of and without jurisdiction. The order so made is void, but, not having been made within jurisdiction, it cannot be corrected by writ of supervisory control.

We might well rest our consideration of this application with [4] the foregoing observations; but the relator in its petition prayed for the issuance of a writ of supervisory control, or other appropriate writ, to afford it the desired relief. When the facts before the court are sufficient to warrant any appropriate relief, the proper writ to accomplish the same may be granted, as was done in *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741, in which case the application was for a writ of supervisory control or other appropriate writ, and it was held that, although supervisory control was

not available, since the facts before the court were sufficient to warrant the issuance of a writ of mandate, such writ should issue as being appropriate.

A part of the relief sought by relator might perhaps be [5] granted upon application for a writ of review, but under such an application the record of the proceeding sought to be reviewed is required to be certified to the reviewing court by the clerk of the lower court. (Sec. 9839, Rev. Codes 1921.) Here we have only the return of the respondent district judge. The record certified by the clerk constitutes the only return which can be made on such application, and a return of the respondent judge would have to be disregarded. (*State ex rel. First Trust & Savings Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539.) Under the facts now before us we have no authority to issue a writ of review.

A writ of mandate might perhaps afford relator some of [6] the relief sought; but we are far from being clear that the facts presented by the petition or otherwise appearing herein are sufficient to warrant the issuance of such a writ. It does not appear that any demand was ever made upon the respondent court or the judge thereof for the performance of the acts herein sought to be compelled, or that such a demand, if properly made, would not have been granted. Whether such a demand is necessary in a case like this, when a private right is sought to be enforced, has never been decided by this court, so far as our investigation has disclosed. This question was not argued by counsel, and therefore no opinion is expressed thereon. However, a cursory examination of the authorities impels us to a conclusion that we would not be justified in holding that such a demand is not a condition precedent to the issuing of such a writ without a full argument by counsel.

Since the facts presented are not sufficient to warrant the issuance of a writ of supervisory control, and counsel have not pointed out, nor have we been able to discover, any other

appropriate writ which should issue, the writ prayed for is denied and the proceeding dismissed.

*Dismissed.*

Mr. Chief Justice Callaway and Associate Justices Galen and Matthews, concur; Mr. Justice Holloway absent on account of illness.