[Crim. No. 3442. In Bank.—July 14, 1931.]

In the Matter of the Application of GLADYS JOHANNES for a Writ of Habeas Corpus on Behalf of JACOB I. JOHANNES.

Bodkin & Lucas, Bourke Jonas and Henry G. Bodkin for Petitioner.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

SHENK, J.—This is an application for a writ of *habeas corpus*, filed by Gladys Johannes on behalf of her husband, Jacob I. Johannes, who will be referred to as the defendant. The facts are not in dispute.

The district attorney of Los Angeles County filed an information charging Jacob Johannes with the offense of

grand theft in five counts. By indictment the grand jury of that county charged him with the same but a separate offense. The actions were consolidated for trial. On June 22, 1928, the jury, the Honorable Charles S. Burnell, presiding as judge, found the defendant guilty as charged on all counts except the fourth and also returned a verdict finding him guilty as charged in the indictment. June 26th was named as the day for the pronouncement of judgment and sentence, at which time the defendant filed a motion for a new trial and a motion in arrest of judgment. On July 5th the court denied the motions and also denied the defendant's request to file an application for probation. Judgment and sentence was thereupon pronounced. By the judgment the sentences as to counts 1 and 2 of the information were made to run consecutively. The sentences as to counts 3 and 5 were made to run concurrently with counts 1 and 2. The sentence as to the charge laid in the indictment was made to run consecutively with the sentences on counts 1 and 2 of the information. Judgment commitments were thereupon issued; whereupon a written notice of appeal to the District Court of Appeal was filed by the defendant and a stay of execution pending appeal was granted. In view of the fact that a felony charge was then pending against the defendant in San Diego County the court ordered that the sheriff of Los Angeles County deliver the defendant to the authorities of San Diego for trial there, at the conclusion of which the defendant was to be returned to the custody of the sheriff of Los Angeles County.

On July 13, 1928, the defendant appeared before said Los Angeles superior court and judge and stated, through his counsel and in the presence of a deputy district attorney of Los Angeles County, that the Superior Court in San Diego County had declared that if the defendant waived his appeal from the judgment rendered in Los Angeles County the court in San Diego County would dismiss the charge in that county on motion of its district attorney, and that with this understanding the defendant had been returned to Los Angeles County. Defendant's counsel further stated that it was the desire of the defendant, then in open court, to waive his appeal on the condition that all of the sentences theretofore pronounced against him be made to run concurrently rather than consecutively. The Los Angeles dis-

trict attorney's office expressed its approval of that course. Whereupon the court announced that, in view of the defendant's abandonment and withdrawal of his appeal, all five sentences imposed should run concurrently. No new or other judgment commitments were issued on this order except as hereinafter related. Without delay the defendant was delivered to the warden of the state prison at San Quentin accompanied by certified copies of the judgment commitments issued on July 5th providing therein that certain of the sentences shall run consecutively.

On September 23, 1928, the Los Angeles Superior Court issued an order purporting to revoke and set aside the judgment of July 5, 1928, to recall said commitments and to order a new judgment and amended and corrected commitments, so as to make all of the sentences run concurrently. When these so-called amended and corrected commitments were delivered to the warden at San Quentin is not disclosed. They appear herein certified by the clerk of the state board of prison directors as being among the official records of said board at San Quentin as of January 15, 1931.

At its meeting in October, 1928, the defendant appeared before the state board of prison directors and his term was fixed by the board "at five years and one year and one year consecutive sentences, five years and one year concurrently, paroled when served half time", said order having been based on the judgments of July 5, 1928.

Claiming that the board had erroneously based its order on the original judgments of July 5th and had unlawfully disregarded the amended and corrected judgments of July 13th, the defendant applied to the Superior Court in and for Marin County for a writ of *habeas corpus*, which was denied. On December 18, 1930, he renewed his application, this time to the District Court of Appeal of the First District, Division Two. The writ was granted and the petitioner was declared to be entitled to immediate parole. In his return to the writ the warden of San Quentin prison stated that he was holding the prisoner in restraint under authority of the judgment commitments of July 5, 1928, and that the state board of prison directors had authorized the release of the prisoner on parole as of date April 30, 1931.

It is conceded that if the state board of prison directors had fixed the term in accordance with the new judgment of July 13, 1928, the prisoner would have been entitled to parole as of date June 30, 1930; also that under the term as fixed in accordance with the judgments of July 5, 1928, the date of parole would be April 30, 1931. Johannes is now on parole. As the purpose of the present writ was to obtain an adjudication of the date on which he would be entitled to go on parole, and he being now on parole, it might appear to the casual observer that the matter has become moot. Indeed the petitioner has represented to this court that if the matter were not decided prior to April 30, 1931, it would become moot. But such is not strictly the case. If the matter were declared now to present a moot question the term of the parole would still be left in doubt, depending on which of the judgments issued by the trial court be declared to be valid. The importance of the questions involved prompted the granting of the petition for a hearing and still moves us to pass upon the question of law presented notwithstanding the fact that such adjudication is of perhaps little consequence to the party involved.

On the foregoing statement of facts the question is presented as to the power of the trial court to change its judgment of conviction and sentence and its commitment, which is evidenced by a certified copy of the judgment, pending an appeal from the judgment, which appeal is at the time undetermined. In this case a written notice of appeal was filed on July 5, 1928. This appeal was pending and undetermined on July 13th, when the court assumed to change the judgment so as to affect the operation thereof, and also on September 23d, when the court assumed to recall the first commitments and to issue amended and corrected commitments to conform to the new judgments. The appeal has never been dismissed or otherwise disposed of. It is insisted that the appeal was not perfected by the preparation, certification and filing of the record in the District Court of Appeal and that since the defendant appeared in the superior court and announced an abandonment of the appeal, jurisdiction was then revested in that court to deal with the judgment as if the appeal had not been taken. But that is not so. ■■ An appeal from the judgment or order denying a motion for a new trial removes the subject

matter thereof from the jurisdiction of the superior court. Pending the appeal the superior court has no jurisdiction to vacate the judgment or make any order affecting it. (*People* v. *Mayne,* 118 Cal. 516 [62 Am. St. Rep. 256, 50 Pac. 654]; *Stowe* v. *Superior Court,* 72 Cal. App. 174 [236 Pac. 985]; 8 Cal. Jur., p. 520, and cases cited.) ▮ The jurisdiction of the court on appeal is not determined by the presence or absence therein of the record on appeal. (*Estate of Davis,* 151 Cal. 318 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711].) The appeal may be subject to dismissal, either by the appellant or by the respondent on proper grounds, or by stipulation, but until it is disposed of the jurisdiction of the subject matter of the judgment is vested in the appellate tribunal. ▮ The law, of course, authorizes the preparation of the transcript after the notice of appeal is filed, and the trial court has power, notwithstanding the appeal, to correct clerical errors, omissions and mistakes of fact in order that the record speak the truth. (*People* v. *McNulty,* 93 Cal. 427 [26 Pac. 597, 29 Pac. 61]; *Biaggi* v. *Ramont,* 189 Cal. 675 [209 Pac. 892].) ▮ There is no merit in the claim that the trial court in this case modified its judgment in order to correct a clerical error or mistake of fact therein. The change was a matter of substance and directly affected the operation of the judgment. Assuming that the judgment of July 13th and the order of the court of September 23d and the commitments issued is pusuance thereof had been transmitted to the warden and to the state board of prison directors immediately upon their rendition and issuance, those officials were justified in disregarding them and basing their course of action on the judgment of July 5th. ▮ The fact that the defendant was present in court on July 13, 1928, might vest in the superior court jurisdiction over his person, but could not confer upon that court jurisdiction over the subject matter of the action which was then vested in the reviewing court.

▮ Something has been said about the desirability and necessity, from an equitable point of view, of holding the prosecuting officer strictly to account in any stipulation or agreement he may make with a defendant in relation to any substantial right of the latter. This is conceded and was recognized in *People* v. *Schwarz,* 201 Cal. 309 [257 Pac. 71].

But when we are dealing with the question of the jurisdiction of the subject matter of an offense, agreement of the parties or estoppel cannot confer it. That question is referable to the Constitution and the statutes.

Authorities from other jurisdictions are not helpful, inasmuch as the problem involved herein must be determined in accordance with principles well established in this state.

The writ is discharged and said Jacob I. Johannes is remanded to the custody of the respondent warden subject to his right to parole in accordance with the order of the state board of prison directors based upon the judgment of July 5, 1928.

Seawell, J., Richards, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.