[Crim. No. 3692. In Bank.—July 28, 1934.]

THE PEOPLE, Respondent, v. REMIGIO SONOQUI et al.,
Appellants.

Wm. T. Kendrick, Jr., and L. V. Peterman for Appellants.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

PRESTON, J.—This is an appeal from a judgment of conviction and from order denying motion for new trial; also from order denying motion in arrest of judgment. Our conclusion upon the question of the jurisdiction of the court below to try this cause, and enter the judgment complained of on the verdict, will dispose of the appeal.

Defendants were previously put to trial on the present charge of murder and were, on December 23, 1932, convicted in said court. On January 3, 1933, this motion for new trial was granted by the trial court upon the ground of insufficiency of the evidence. Immediately following this ruling, the People announced their appeal from the order and caused proper notice thereof to be entered in the minutes of the court. (Pen. Code, sec. 1238, subd. 3.) Thereafter, and on February 11, 1933, the District Court of Appeal, having jurisdiction of the appeal, upon motion of the district attorney, with consent of the attorney for defendants, entered its order dismissing said appeal. No attempt was made to secure a *remittitur*. A certified copy of the order was procured and, on February 14, 1933, filed in the court below. On February 16, 1933, four days after entry of the order of dismissal, defendants were again put on trial and thereafter convicted of murder in the first degree. On March 7, 1933, at the time fixed for pronouncing judgment, defendants moved in arrest of judgment on the ground that the court was without jurisdiction to enter same, inasmuch as the order dismissing the former appeal of the People had not become final nor had a *remittitur* issued thereon.

The said order of dismissal was tantamount to a judgment of affirmance of the order granting a new trial. (Sec. 955, Code Civ. Proc.; *Rowland* v. *Kreyenhagen*, 24

Cal. 52; *Spinetti* v. *Brignardello,* 54 Cal. 521; *Garibaldi* v. *Garr,* 97 Cal. 253 [32 Pac. 170]; *Barnhart* v. *Edwards,* 128 Cal. 572, 576 [61 Pac. 176].) Under the Constitution, article VI, section 4c, it did not become final in the District Court of Appeal until the elapse of fifteen days after its entry nor did it pass beyond the jurisdiction of this court to transfer the cause for determination until the elapse of an additional fifteen days. In point of fact, the *remittitur* upon said order was not filed in the court below until March 14, 1933, seven days after judgment had been pronounced against defendants. Hence their objection to the jurisdiction of the court must be sustained.

In the case of *In re Johannes,* 213 Cal. 125, 129, 130 [1 Pac. (2d) 984], discussing the principle involved, this court said: "An appeal from the judgment or order denying a motion for a new trial removes the subject-matter thereof from the jurisdiction of the superior court. Pending the appeal the superior court has no jurisdiction to vacate the judgment or make any order affecting it. (*People* v. *Mayne,* 118 Cal. 516 [62 Am. St. Rep. 256, 50 Pac. 654]; *Stowe* v. *Superior Court,* 72 Cal. App. 174 [236 Pac. 985]; 8 Cal. Jur., p. 520, and cases cited.) The jurisdiction of the court on appeal is not determined by the presence or absence therein of the record on appeal. (*Estate of Davis,* 151 Cal. 318 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711].) The appeal may be subject to dismissal, either by the appellant or by the respondent on proper grounds, or by stipulation, but until it is disposed of the jurisdiction of the subject matter of the judgment is vested in the appellate tribunal."

In *Noel* v. *Smith,* 2 Cal. App. 158 [83 Pac. 167], the District Court of Appeal duly issued a writ of mandate directed to the court below in the case of *Noel* v. *Noel* pending therein, directing the judge to disqualify himself and procure the services of another judge to preside in said cause or else show cause at a time named why he should not so do. On the hearing this writ was discharged but before the order became final the court below moved to bring certain pending motions in the cause on for hearing. It was held that the court was without jurisdiction to proceed and that the act of the judge in hearing said motions was in technical contempt of court.

In the case of *People* v. *Walker*, 76 Cal. App. 192 [244 Pac. 94], it was held, in a criminal appeal to that court, where an order reversing the cause had been made, that the statutory time for a retrial of the defendant did not begin to run until after the order had become final both in the District Court of Appeal and in the Supreme Court, which time, as the Constitution then read, was sixty days. This decision also interpreted section 1264 of the Penal Code in harmony with the conclusion there reached, which section provides for the time of issue and contents of a *remittitur* in a criminal case.

On this general subject, see, also, *Hubbard* v. *McCrea*, 103 Ga. 680 [30 S. E. 628]; *Chambers* v. *Philadelphia Pickling Co.*, 82 N. J. L. 1 [81 Atl. 573].)

The fact that the state had taken no steps to comply with rule II, section 7, of this court, requiring, among other things, a statement of the grounds of the appeal, is wholly immaterial as the notice of appeal invested the District Court of Appeal with jurisdiction of the appeal and divested the trial court of power to move in conflict with such jurisdiction. (*Estate of Davis*, 151 Cal. 318 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105]; *In re Johannes, supra*.)

Further supplementing the holding here, it may be noted that it has been held in other jurisdictions that pending an appeal the trial court may not dismiss the action, even with the consent of all the parties. (*State* v. *District Court*, 77 Mont. 214 [250 Pac. 609].) See, also, a similar principle announced in the case of *State* v. *District Court*, 61 Mont. 346 [202 Pac. 575].

It follows that the judgment and orders of the court below must be reversed and the cause remanded for new trial, and it is so ordered.

Shenk, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.