[Crim. No. 3916. Second Dist., Div. One. Nov. 30, 1945.]

THE PEOPLE, Respondent, v. JOHN OWENS, Appellant.

Cantillon & Glover for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WHITE, J.—This appeal involves two prosecutions instituted against the same defendant in the Superior Court of Los Angeles County and the validity of proceedings, judgments and orders made therein. Although the cases were separately tried in the superior court, they are by stipulation consolidated on appeal and presented on one set of briefs.

### THE FIRST CASE

In this prosecution, instituted by information No. 50759 filed by the district attorney on December 28, 1932, the defendant was accused in five counts of the crime of violating subdivision 3 of section 337a of the Penal Code. Following the entry of not guilty pleas to all counts, the case proceeded to trial before a jury on April 17, 1933, resulting in the conviction of defendant on each of the five counts. On April 24, 1933, which was the time fixed for pronouncing judgment, the defendant interposed a motion in arrest of judgment which was argued and submitted. The clerk's transcript reflects that on the next day the following proceedings occurred.

"Defendant's motion for an arrested judgment on the grounds that the information fails to state facts sufficient to constitute a public offense is granted.

"Defendant is discharged.

"The District Attorney gives oral notice of appeal."

On the next day, April 26, the district attorney, without the presence of the defendant, appeared in court, and the following proceedings ensued as shown by the clerk's transcript:

"The District Attorney withdraws the oral notice of ap-

peal made on April 25, 1933. On motion of District Attorney, a new information is filed.

"Bench warrant is ordered issued for the appearance of this defendant. .. . . ."

It should here be noted that the "new" information charged the same offenses as were charged in the original information as to which the motion in arrest of judgment was granted.

After the entry of pleas of not guilty and once in jeopardy to the second information, the trial was set for June 14, 1933, but when the case was called for trial the defendant failed to appear and a bench warrant was issued for his apprehension. Finally, on December 15, 1944, the case proceeded to trial before the court sitting without a jury, again resulting in the conviction of the defendant on all counts of the information. On the plea of once in jeopardy the court found for the People. Defendant interposed a motion for a new trial, which was denied. From the judgment and the order denying his motion for a new trial defendant prosecutes this appeal.

The first question presented to us on this appeal is that of jurisdiction of the superior court to try this cause a second time and enter the judgment complained of. This for the reason that immediately following the trial court's order granting defendant's motion in arrest of judgment following the first trial, the People, pursuant to the provisions of subdivision (a) (1) of section 1239 of the Penal Code, announced in open court that an appeal was taken from such order. On the day following the district attorney appeared in court and announced that the People "withdraw the oral notice of appeal." On that date, April 26, 1933, rule 38 of the Rules on Appeal adopted by the Judicial Council on March 30, 1943, was not in effect. And even if it were, there was no compliance therewith because there was no abandonment of the appeal signed by the district attorney and filed with the court.

Therefore, an appeal from the order granting defendant's motion in arrest of judgment having been duly and regularly taken by the People, jurisdiction of the subject matter thereof was removed from the superior court. While the appeal was pending the superior court had no jurisdiction to proceed with a second trial. The attempted withdrawal

of the appeal by the district attorney was a nullity. The fact that the record had not been lodged in the District Court of Appeal is not determinative of that court's jurisdiction. Until the appeal was disposed of by remittitur of the appellate tribunal after decision thereon or by dismissal thereof by either appellant or respondent on proper gounds or by stipulation, the jurisdiction of the subject matter of the order arresting judgment is vested in the appellate court. The notice of appeal invested the District Court of Appeal with jurisdiction thereof and deprived the trial court of power or authority "to move in conflict with such jurisdiction." (*People* v. *Sonoqui*, 1 Cal.2d 364, 367 [35 P.2d 123].) Upon the authority and for the reasons stated in the case just cited as well as the cases of *In re Johannes*, 213 Cal. 125, 129, 130 [1 P.2d 984], and *People* v. *Workman*, 7 Cal.2d 176 [59 P.2d 1005], it must be held that an appeal was pending at the time the present or second trial took place and the court below was without jurisdiction to retry the defendant until such appeal was properly and legally disposed of. A reversal of the judgment and order denying a new trial being required on this ground, it becomes unnecessary to determine the other issues raised by the defendant.

\* \* \* \* \* \*

For the foregoing reasons the judgments and the orders denying defendant's motions for a new trial in both cases are, and each is, reversed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied December 13, 1945.