Filed 5/2/13

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070272 |
| v. | (Super. Ct. No. CRF113234) |
| PATRICK LEE CONLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Yolo County, Stephen L. Mock, Judge.  Affirmed.

Patrick Lee Conley, in pro. per.; and Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Michael S. Romano for Three Strikes Project, Stanford Law School, as Amicus Curiae on behalf of Defendant and Appellant.

---

* Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part I.

1

Appointed counsel for defendant Patrick Lee Conley asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We partially publish this decision, however, to address issues raised in a petition for rehearing that are likely to recur. On November 6, 2012, California voters approved Proposition 36, which modifies the three strikes law. After we filed our decision in this case, defendant filed a petition for rehearing seeking the benefit of the change in law. He asked us to vacate his sentence under the three strikes law and remand the matter for a new sentencing hearing.

We denied his petition for rehearing, concluding that he is not entitled to be sentenced under amended Penal Code section 1170.12. We then granted rehearing on our own motion to more fully explain our reasoning.

## BACKGROUND

California Highway Patrol Officer Keerat Lal observed defendant, at about 5:20 p.m., picking up tools in the middle of County Road 27 in Yolo County. Defendant's parked pickup truck and attached utility trailer partially blocked a lane of the two-lane road.

Defendant appeared intoxicated. His eyes were red and watery and his gait was unsteady as he moved to pick up the tools. Officer Lal estimated that defendant was about six feet tall and weighed 210 pounds.

Officer Lal asked defendant to move to the side of the road, but had to ask three times before defendant complied. Defendant said his tool box fell from the bed of his truck. Officer Lal asked for defendant's driver's license, proof of insurance, and registration. Defendant said his license was suspended and he did not have proof of insurance or registration. Defendant's speech was slurred and Officer Lal could smell alcohol on defendant's breath.

2

Defendant claimed his son was driving the truck and left to get gas when the truck ran out of fuel. When Officer Lal pointed out that the truck was still running, defendant admitted he was the driver. Defendant told the officer that he consumed three to four 8-ounce cans of Four Loko malt liquor at his son's house, which was about 15 to 20 minutes away.

Defendant failed a series of field sobriety tests and also took two preliminary alcohol screening tests. His breath samples revealed a blood-alcohol concentration (BAC) of .167 percent and .171 percent. Officer Lal arrested defendant for driving under the influence.

Defendant refused to submit to a chemical test after he was arrested. His blood was drawn at a hospital at around 6:19 p.m., and his BAC at the time of the draw was .19 percent.

An expert testified that a six foot tall, 210 pound person who consumed 3 to 4 Four Loko's and had his last drink at 4:45 p.m. would have a BAC of .10 percent. A similar individual with a BAC of .19 percent at 6:19 p.m. would have a BAC well over .08 percent between 5:15 p.m. and 5:20 p.m.

In a recorded call from his jail cell, defendant told his girlfriend that he did not know whether the officer asked why his tools were in the middle of the road because defendant "was drunk as fuck right there."

The prosecutor and defense counsel stipulated that undated Department of Motor Vehicle documents listed defendant's height as six foot three inches tall and his weight as 180 pounds. A toxicologist testifying for the defense opined that if a six foot three inch tall and 180 pound person drank an entire 23.5 ounce Four Loko at 5:19 p.m. and had a BAC of .19 percent at 6:19 p.m., then his BAC before drinking the Four Loko at 5:19 p.m. would be .08 percent with a margin of error.

Defendant pleaded no contest to driving with a suspended license with three prior violations within the last five years (Veh. Code, § 14601.2, subd. (a)), failure to provide

3

proof of insurance (Veh. Code, § 16028), and driving an unregistered vehicle (Veh. Code, § 4000, subd. (a)(1)). Following a jury trial, defendant was convicted of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving with a BAC of .08 percent or more (Veh. Code, § 23152, subd. (b)), with enhancements for refusing to take the chemical test (Veh. Code, § 23578).

In a bifurcated proceeding, the jury sustained allegations that defendant had four prior convictions for violating Vehicle Code section 23152 (Veh. Code, § 23550), three prior prison terms (Pen. Code, § 667.5),[1] and two prior strike convictions (§§ 667, subds. (d) and (e), 1170.12). The trial court denied defendant's motion to dismiss one or both strike allegations and sentenced defendant to 25 years to life plus three consecutive one-year terms. The trial court also awarded 697 days of presentence credit (465 actual and 232 conduct) and imposed various fines and fees.

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief.

DISCUSSION

I*

In his supplemental brief, it appears defendant contends the following: (A) the trial court erred in denying his suppression motion, (B) his trial counsel was ineffective, and (C) there is insufficient evidence to support his convictions. We address each contention in turn.

---

[1] Undesignated statutory references are to the Penal Code.

4

A

Defendant first contends the trial court erred in denying his suppression motion. The magistrate denied defendant's suppression motion filed at the preliminary hearing. Defendant renewed the issue in a section 995 motion seeking to set aside the charges, but the trial court denied that motion, too. Defendant contends the trial court should have granted his suppression motion because (1) he was illegally detained when Officer Lal directed him to the side of the road, and (2) the probable cause to arrest is based on inadmissible hearsay and the circumstances observed by Officer Lal did not support probable cause to arrest defendant.

The following facts are taken from the preliminary hearing. Officer Lal saw defendant picking up tools in the middle of the road, next to a truck partially obstructing one lane. Officer Lal noticed that defendant had red, watery eyes and looked like other intoxicated persons he had arrested. Smelling alcohol and noticing defendant's staggered gait, Officer Lal asked defendant to move to the side of the road. Officer Lal then commenced an investigation for driving under the influence. After defendant failed various field sobriety tests and tested with a BAC of .167 and .171 percent, Officer Lal arrested him.

1

Defendant argues he was illegally detained when Officer Lal directed him to the side of the road. But "[t]he Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable. [Citation.]" (*Florida v. Jimeno* (1991) 500 U.S. 248, 250 [114 L.Ed.2d 297, 302].) "To test the detention against 'the ultimate standard of reasonableness embodied in the Fourth Amendment' [citation], we balance the extent of the intrusion against the government interests justifying it, looking in the final and dispositive portion of the analysis to the individualized and objective facts that made those interests applicable in the circumstances of the particular detention." (*People v. Glaser* (1995) 11 Cal.4th 354,

5

365.) In light of the brief intrusion on defendant's liberty and the clear threat to defendant's and the public's safety posed by an apparently intoxicated man in the middle of a public road, Officer Lal's directive was reasonable and therefore did not constitute an illegal detention.

2

Defendant next argues that the probable cause to arrest is based on inadmissible hearsay and the circumstances observed by Officer Lal did not support probable cause to arrest defendant. Defendant's hearsay contention is based on Officer Lal's testimony that he changed the arrest from a misdemeanor to a felony after receiving a report from dispatch that defendant had four prior convictions for violating Vehicle Code section 23152. Defendant's argument is based on the rule that precludes the prosecution from relying on hearsay information communicated to the arresting officer "that is not sufficiently specific and fact based to be considered reliable." (*People v. Gomez* (2004) 117 Cal.App.4th 531, 541.)

But the probable cause supporting the arrest was not based on the prior-conviction information received by the arresting officer (information that was subsequently confirmed when the People submitted certified copies of the prior Vehicle Code section 23152 convictions at the preliminary hearing). Rather, probable cause supporting the arrest was based on defendant's red, watery eyes, slurred speech, staggered gait, smell of alcohol, field sobriety test results, preliminary alcohol screening test results, his admission that he drove his truck, and the fact that the vehicle was running and partially obstructing the road.

B

Defendant claims his trial counsel was ineffective for stipulating to his weight being 180 pounds when he in fact weighed 172 pounds within five days of his arrest. He claims this prejudiced him because a lower body weight would have given him a lower

6

blood-alcohol level according to the hypotheses presented by the prosecution and defense experts.

"To establish entitlement to relief for ineffective assistance of counsel the burden is on the defendant to show (1) trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings. [Citations.]" (*People v. Lewis* (1990) 50 Cal.3d 262, 288.) Defendant does not point to anything in either expert's testimony showing that a lower body weight would result in a lower blood-alcohol level. Defendant has not carried his burden of proving prejudice.

C

Defendant contends there is insufficient evidence to support his convictions because no one saw him driving. But Officer Lal testified that defendant admitted driving the truck, the vehicle was running and it was partially obstructing the road. Nothing more is needed to establish that element of driving under the influence.

II

After we filed our decision in this case, defendant filed a petition for rehearing seeking the benefit of the change in law enacted by Proposition 36. He asked us to vacate his sentence under the three strikes law and remand the matter to the trial court for a new sentencing hearing.

Defendant was sentenced to 25 years to life under the three strikes law for a crime that was not a serious or violent felony. Proposition 36 limits three strikes sentences to current convictions for serious or violent felonies, or a limited number of other felonies not relevant here. (See §§ 1170.12, subd. (c), 667, subd. (c).) If defendant had been sentenced today, he would not be subject to a 25 to life three strikes sentence.

7

A

In asking us to vacate his sentence and remand the matter, defendant relies on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

In *Estrada*, the California Supreme Court stated: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada,* 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid.*) Accordingly, a statute lessening punishment is presumed to apply to all cases not yet reduced to final judgment on the statute's effective date, unless there is a "saving clause" providing for prospective application. (*Id*. at pp. 744-745, 747-748.)

Section 1170.12 does not have an express saving clause. For example, it does not state that the mitigated punishment shall only apply prospectively to those convicted or sentenced on or after the effective date of the act. But this does not end the inquiry. (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) The rule in *Estrada* does not apply "where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga, supra,* 12 Cal.4th at p. 793, fn. omitted.) " '[W]hat is required is that the Legislature demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.' " (*Ibid.*)

In construing voter initiatives enacted into law, we use the same principles applied to statutes enacted by the Legislature. (*People v. Elliot* (2005) 37 Cal.4th 453, 478.) Statutes dealing with the same subject matter as the one being construed -- commonly referred to as statutes in pari materia -- should be construed together. (*People v. Honig*

8

(1996) 48 Cal.App.4th 289, 327.) Application of this rule is most justified in cases where statutes relating to the same subject matter were passed at the same time. (*Stickel v. Harris* (1987) 196 Cal.App.3d 575, 590.) Section 1170.126, a related statute added by Proposition 36, defeats the presumption of retroactivity set forth in *Estrada*. It authorizes limited application to prisoners serving three strikes sentences when the measure was enacted, and establishes a specific procedure for defendant to follow in this case.

In particular, section 1170.126 provides for the resentencing of "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) A person serving a three strikes sentence for a current conviction that is not a serious or violent felony "may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with" Proposition 36. (§ 1170.126, subd. (b).) An inmate is eligible for resentencing unless he has prior convictions for certain specified offenses. (*Id.* at subd. (e).) If the prisoner is eligible, then the trial court will resentence defendant "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.* at subd. (f).) The factors governing the exercise of the trial court's discretion -- the prisoner's criminal history, record in prison and any other relevant evidence -- are set forth in section 1170.126, subdivision (g).

Because Proposition 36 provides for limited application to prisoners serving three strikes sentences when the measure was enacted, the presumption in *Estrada* does not apply as to them; it applies only to those people not yet convicted or not yet sentenced. Those already sentenced and serving an indeterminate term of imprisonment must petition the trial court for a recall of sentence regardless of whether or not their judgment

9

is final.  Nothing in section 1170.126 states that its reference to "persons presently serving an indeterminate term of imprisonment . . . whose sentence under this act would not have been an indeterminate life sentence" is meant to apply only to those serving a term of imprisonment under a final judgment.  (§ 1170.126, subd. (a).)  We may not insert such words because it is a cardinal rule of statutory construction that courts may not add provisions to a statute.  (*Adoption of Kelsey S*. (1992) 1 Cal.4th 816, 827; Code Civ. Proc., § 1858.)

Defendant claims section 1170.126 cannot be construed as a saving clause because the resentencing provisions are impracticable for defendants who have appealed and whose judgments are not final.  This is so, he maintains, because of the two-year time limit in section 1170.126, subdivision (b), and the fact the trial court loses jurisdiction once an appeal has been filed.

It is the general rule that the valid filing of an appeal vests jurisdiction of a cause in the appellate court until determination of the appeal and issuance of the remittitur.  (*People v. Sonoqui* (1934) 1 Cal.2d 364; *People v. Getty* (1975) 50 Cal.App.3d 101, 107.)  Ordinarily " 'the trial court loses jurisdiction during that period to do anything in connection with the cause which may affect the judgment.'  [Citations.]"  (*People v. Getty, supra,* 50 Cal.App.3d at p. 107.)  However, "a trial court is not divested of its limited jurisdiction under section 1170, subdivision (d) to recall a sentence for modification within 120 days of the defendant's commitment by the filing of an appeal notice."[2]  (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836.)

---

[2]  Section 1170 provides in relevant part:  "(d)(1) When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.  The court resentencing under this subdivision shall apply the

10

Thus, at a minimum, those persons who have been sentenced recently may petition the court to recall their sentence within 120 days of the effective date of Proposition 36, even if they have filed a notice of appeal. (§§ 1170, subd. (d), 1170.126, subd. (b).) Those who cannot meet the 120-day time limit can file a petition for recall of sentence in the trial court after their appeal is resolved and their judgment is final. If their appeal results in the reversal of their third strike conviction, resentencing will be unnecessary. And if the appeal is not decided and the judgment does not become final until after the two-year period in section 1170.126, subdivision (b) is exceeded, defendant may assert "good cause" for filing a delayed petition for resentencing.

Defendant maintains that our construction of subdivision (a) of section 1170.126 as a saving clause is at odds with subdivision (k) of the statute, which states: "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant." He argues this language can only be reasonably interpreted to avail defendant, whose judgment is not yet final, his right to relief and remedy under the *Estrada* rule. We disagree. Subdivision (k) simply confirms that the resentencing provision is not intended to prevent defendants from pursuing other substantive or procedural challenges to their three strike conviction, whether by direct appeal or petition for writ of habeas corpus. For example, section 1170.126 does not prevent a defendant from challenging on appeal the denial of a *Romero* motion to dismiss a prior strike conviction (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), as an alternate method of demonstrating he should not be subject to life imprisonment.

Defendant adds that our interpretation of subdivisions (a) and (k) of section 1170.126 is contrary to Section 7 of Proposition 36, which states: "This act is an exercise of the public power of the people of the State of California for the protection of the

sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

11

health, safety, and welfare of the people of the State of California, and shall be liberally construed to effectuate those purposes." He believes liberal construction requires that we interpret the resentencing provisions as applying only to those persons who are serving a prison term pursuant to a final judgment. Again we disagree.

Liberal construction does not mean interpreting the applicable statutes in a manner contrary to the plain language used. The people of the State of California have decided to mitigate punishment in all future three strike cases and, under the presumption in *Estrada,* some non-final current three strike cases as long as sentence has not been imposed. But they did not vote to immediately reduce the sentence for all persons already serving a prison term under the older version of the law. Rather, they directed the trial court to consider the defendant's behavior in prison, and any other evidence that a new sentence would result in an unreasonable risk of danger to public safety. (§ 1170.126, subd. (g).) Thus, it appears that despite the amendment of section 1170.12, the public does not want three strike prisoners' sentences reduced if their behavior in prison establishes they are a danger to the public. This concern applies equally to those defendants already serving a prison term pursuant to a judgment that is not yet final.

Defendant argues it is not clear that he is "presently serving an indeterminate term" because the phrase is ambiguous. In his view, the ambiguity arises because his judgment is not final. He maintains this ambiguity must be resolved in his favor under the rule of lenity. But the rule of lenity only applies when there is such egregious ambiguity and uncertainty that the court can do no more than guess what the legislative body intended. (*People v. Avery* (2002) 27 Cal.4th 49, 58.) The rule is not applicable " 'unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable.' " (*Id.* at p. 58, quoting *People v. Jones* (1988) 46 Cal.3d 585, 599.) No such egregious ambiguity exists in the present case. Although defendant's judgment is not yet final, he is nonetheless presently serving an indeterminate term in prison. The

12

possibility that his conviction could be reversed in the future does not render the phrase ambiguous.

Here, defendant is a "person[] presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Accordingly, he is not entitled to a remand for resentencing under amended section 1170.12; defendant's recourse is to petition for a recall of sentence under section 1170.126.

B

In the alternative, defendant argues in his petition for rehearing that retroactive application of Proposition 36 is compelled by equal protection. His argument lacks merit. To the extent Proposition 36 applies prospectively, prospective application of a statute that lessens punishment does not violate equal protection. (*People v. Floyd* (2003) 31 Cal.4th 179, 182, 191 (*Floyd*); *People v. Lynch* (2012) 209 Cal.App.4th 353, 360–361.)

As the California Supreme Court explained in *Floyd*, " 'the ability to elect to be sentenced under a law enacted after the date of the commission of a crime is not a constitutional right but a benefit conferred solely by statute. It is not unconstitutional for the legislature to confer such benefit only prospectively, neither is it unconstitutional for the legislature to specify "a classification between groups differently situated, so long as a reasonable basis for the distinction exists." [Citation.] In this instance, the legislature distinguished between those defendants, on the one hand, who had not yet been accorded any sentencing hearings prior to the cut-off date, and those, on the other hand, whose sentences, already imposed, would require remandments for additional sentencing hearings. We find this to be a reasonable basis for distinction and, therefore, no constitutional denial of equal protection.' " (*Floyd, supra*, 31 Cal.4th at pp. 189-190, quoting *People v. Grant* (Ill. 1978) 71 Ill.2d 551 [377 N.E.2d 4, 9].)

13

Here, all three strikes prisoners serving time for qualifying offenses are treated the same in that they must seek relief under section 1170.126.  But those persons who have not yet been sentenced are entitled to the application of the mitigated punishment in amended section 1170.12.  This serves to promote judicial economy and does not deprive defendant of any constitutional rights.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.



                                                      MAURO               , J.

We concur:

            RAYE             , P. J.

            MURRAY          , J.