Filed 7/15/16  Williams v. Nordstrom, Inc. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOENATHAN WILLIAMS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NORDSTROM, INC.,<br><br>    Defendant and Respondent. | D069051<br><br><br>(Super. Ct. No. 37-2014-00007604-CU-CR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Reversed.

The McMillan Law Firm, Scott A. McMillan and Marilyn S. Phelps for Plaintiff and Appellant.

Haight, Brown & Bonsteel, S. Christian Stouder and Elizabeth Trent Schaus for Defendant and Respondent.

The parties have stipulated the superior court's August 7, 2015 discovery order compelling discovery responses and imposing sanctions on Plaintiff JoeNathan Williams

and his counsel of record be reversed, that the matter be remanded to the superior court, and that each party bear its own costs on appeal.

In *Neary v. Regents of University of California* (1992) 3 Cal.4th 273 (*Neary*), the Supreme Court held that "when the parties to an action agree to settle their dispute and as part of their settlement stipulate to a reversal of the trial court judgment, the Court of Appeal should grant their request for the stipulated reversal absent a showing of extraordinary circumstances that warrant an exception to this general rule. Any determination that such circumstances exist must be made on a case-by-case basis." (*Id.* at p. 284.)

After *Neary*, the Legislature modified the appellate court's power to accept a stipulated reversal. Code of Civil Procedure section 128, subdivision (a)(8) provides that an appellate court may not accept a stipulated reversal or vacation unless it finds both of the following: "(A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

This appeal is taken from the August 7, 2015 order on the parties' competing discovery motions. The superior court compelled Williams to provide additional discovery responses and imposed $14,419 in discovery sanctions on Williams and his counsel of record, of which $1,000 was payable within 20 days. After Williams filed this appeal, the parties executed a Settlement Agreement settling the entire case. Among the

2

terms of the Settlement Agreement was the joint submission of the present stipulated request for reversal of the August 7, 2015 discovery order.

The court is satisfied there is no reasonable probability the interests of nonparties or the public will be adversely affected by the reversal. Further, the private settlement and reversal of the court's August 7, 2015 order does not in the circumstances of this case erode the public trust or reduce the incentive for pretrial settlement.

As a separate matter, we address the propriety of the superior court's June 16, 2016 order dismissing the entire action without prejudice on account of the parties' settlement. On our own motion, we take judicial notice of the June 16th order and conclude the superior court exceeded its jurisdiction by dismissing the action while appeal of the August 7, 2015 discovery order remained pending. (*People v. Sonoqui* (1934) 1 Cal.2d 364, 367 ["pending an appeal the trial court may not dismiss the action, even with the consent of all the parties"]; *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 190 [an appeal stays trial court proceedings "if the possible outcomes on appeal and the actual or possible results of the proceeding are irreconcilable"] (*Varian*).) Because the court acted in excess of its jurisdiction, its dismissal order is " 'void on its face.' " (*Varian,* at p. 200.) We therefore vacate the June 16, 2016 dismissal order. The superior court may issue a new dismissal order following remittitur.

## DISPOSITION

We reverse the August 7, 2015 order compelling discovery responses and imposing sanctions on Williams and his counsel of record; we vacate the June 16, 2016 dismissal order; and we remand the matter to the superior court. The remittitur shall issue immediately. Following remittitur, the superior court may issue a new dismissal order. Each party shall bear its own costs on appeal.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

NARES, J.

4