[No. B185161. Second Dist., Div. Eight. May 19, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
PESAMINO SAUNOA, Defendant and Appellant.

## COUNSEL

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOLAND, J.—**

### INTRODUCTION

Appellant Pesamino Saunoa challenges his forcible oral copulation convictions on several grounds, including the trial court's lack of jurisdiction to retry him prior to the issuance of the remittitur following his prior appeal. We conclude the trial court was without jurisdiction, and all proceedings conducted prior to the issuance of the remittitur, including appellant's retrial, were void.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant resided at a motel in Wilmington. In February 2003, he forcibly orally copulated two fellow residents. A jury convicted appellant of three counts of forcible oral copulation and acquitted him of one count of forcible sexual penetration with a foreign object. The jury also found true a multiple victims allegation. Appellant admitted all prior conviction allegations. The court sentenced appellant to two third-strike terms of 45 years to life, and one third-strike term of 25 years to life, plus two 5-year Penal Code section 667, subdivision (a)(1) enhancements, for a total term of 125 years to life.

Appellant appealed on the ground the trial court improperly terminated his self-representation. We found appellant's contention well founded and reversed his conviction. Our opinion was filed on March 25, 2005. Because this court received a petition for review in the Supreme Court, the remittitur did not issue until July 22, 2005.

The trial court resumed proceedings on May 12, 2005. Appellant's retrial commenced on July 7, 2005, prior to the issuance of the remittitur. A jury convicted appellant of two counts of forcible oral copulation, acquitted him of a count of forcible oral copulation pertaining to a second victim, and found the multiple victim allegation not true. In a bifurcated trial of the prior conviction and prison term allegations, the jury found appellant had served four prior prison terms and had four serious or violent felony convictions within the scope of the three strikes law. The jury was not asked to make any findings regarding the Penal Code section 667, subdivision (a)(1) allegations. The court sentenced appellant to two third strike terms of 25 years to life, plus 10 years for two Penal Code section 667, subdivision (a)(1) enhancements.

## DISCUSSION

Appellant contends the trial court lacked jurisdiction to retry appellant prior to the issuance of the remittitur. We agree.

■ The filing of a valid notice of appeal transfers jurisdiction of a cause to the appellate court until the issuance of the remittitur. (*People v. Perez* (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63].) Remittitur transfers jurisdiction from the appellate court to the court whose decision was reviewed. (*Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 12 [270 Cal.Rptr. 346].) "Until remittitur issues, the lower court cannot act upon the reviewing court's decision; remittitur ensures in part that only one court has jurisdiction over the case at any one time." (*Ibid.*)

■ The trial court had no jurisdiction to retry appellant prior to issuance of the remittitur. (*People v. Sonoqui* (1934) 1 Cal.2d 364, 365–367 [35 P.2d 123].)

Respondent effectively admits the trial court lacked jurisdiction, but argues reversal is unnecessary because appellant was not prejudiced. No authority exists for conducting a harmless error analysis in this context. However wasteful a third trial may seem to respondent, the trial court's failure to wait for remittitur before conducting the retrial renders all proceedings conducted prior to retrial, and their results, null and void.

Given the disposition and the nature of the error, it would be inappropriate to address appellant's remaining contentions.

## DISPOSITION

The judgment is reversed and the cause remanded.

Cooper, P. J., and Rubin, J., concurred.