Filed 5/8/13  P. v. Daniels CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TREYVON LAMAR DANIELS,<br><br>　　　　Defendant and Appellant. | B232949<br><br>(Los Angeles County<br>Super. Ct. No. MA049018) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  John Murphy, Judge.  Affirmed and remanded.

　　　　Joseph R. Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Treyvon Lamar Daniels (defendant) appeals from the judgment entered after he was convicted of second degree robbery and second degree commercial burglary. He contends that his sentence must be reversed because he did not expressly waive his right to a jury trial on the allegation he sustained a prior juvenile adjudication. Defendant also contends that the trial court was not authorized to impose a five-year sentence enhancement due to the prior juvenile adjudication. We conclude that defendant forfeited his right to challenge the denial of a jury trial, but was not harmed by the denial in any event as we agree the five-year enhancement should not have been imposed. Therefore we strike the enhancement and remand the matter to the trial court for the opportunity to resentence defendant. We otherwise affirm the judgment.

## BACKGROUND

Defendant stole a bottle of vodka from a drugstore liquor department. As he fled the store, a knife fell from his pocket. The assistant manager pursued defendant, but allowed defendant to continue his escape after it appeared to the assistant manager that defendant might cause him harm. As a result, defendant was charged with second degree robbery in violation of Penal Code section 211[1] (count 1) and second degree commercial burglary in violation of section 459 (count 2). The amended information also alleged that defendant had committed a felony as a juvenile, and that the juvenile adjudication qualified as a "strike" within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). A prior juvenile adjudication was also alleged for purposes of the five-year sentence enhancement of section 667, subdivision (a)(1).[2]

Defendant pled not guilty and denied the prior juvenile adjudications. The trial court suspended the proceedings pursuant to section 1368, and reinstated them after finding defendant competent to stand trial, which went forward on November 9, 2010.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     Respondent concedes that the five-year sentence enhancement of section 667, subdivision (a)(1), may not be imposed due to a prior juvenile adjudication. (See *People v. West* (1984) 154 Cal.App.3d 100, 108-110.)

On November 19, 2010, after the jury found defendant guilty of both counts as charged, the trial court excused the jury without it ever addressing the issue of the prior juvenile adjudications. The record discloses no request to bifurcate the proceedings and no admission or jury trial waiver of the juvenile adjudications. After the jurors left the courtroom, the trial court scheduled sentencing and a court trial on the prior convictions for December 14, 2010. Defendant then filed a *Romero* motion,[3] requesting the court dismiss his prior strike conviction.

On December 14, 2010, the parties appeared, but the hearing was not reported. The trial court's minutes reflect that defendant entered a time waiver and the court continued the following matters: the hearing on the *Romero* motion; sentencing; and a court trial of the prior juvenile adjudications. On April 20, 2011, the trial court expressed its (mistaken) belief that defendant had waived his right to a jury trial on the issue of prior juvenile adjudications and that they were found true after a bench trial. The trial court denied the *Romero* motion and sentenced defendant to prison for a total term of nine years, comprised of the low term of two years on count 1, doubled as a second strike, plus five years pursuant to section 667, subdivision (a)(1). As to count 2, the trial court imposed the low term of two years in state prison, doubled as a second strike but stayed pursuant to section 654. The court imposed mandatory fines and fees, and awarded 406 days of presentence custody credit.

On April 28, 2011, defendant filed a notice of appeal. The trial court then discovered its error, recalled defendant to court, and on June 29, 2011, conducted a court trial on the issue of defendant's prior juvenile adjudications. After hearing the evidence, the court found true one of the allegations of sustained juvenile adjudication, and imposed the same sentence, using the juvenile prior conviction as both a strike and to imposed the five-year prison enhancement.

---

[3]     See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

## DISCUSSION

Defendant seeks reversal on the ground that he never expressly waived his right to a jury trial on the truth of the allegations of prior juvenile adjudications. Respondent contends that defendant's failure to object to a court trial, despite several opportunities, resulted in forfeiture of the right.

In their original briefs, neither party mentioned the timing of the trial on the prior juvenile adjudications, conducted after the notice of appeal was filed. The general rule is that "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur. [Citations.]" (*People v. Perez* (1979) 23 Cal.3d 545, 554.) Matters that do not affect the judgment of conviction and that are not embraced by the pending appeal may be tried after the filing of the notice of appeal. (*People v. Schulz* (1992) 5 Cal.App.4th 563, 570-571.) That is not the case here, as defendant's only contentions on appeal relate to the sentence.

The trial court conducted the hearing on the juvenile adjudications after recalling defendant's sentence under section 1170, subdivision (d)(1), which gives the trial court 120 days within which to recall a sentence and resentence the defendant to a term no greater than the original sentence. Since we found no published opinion in which a sentence was recalled under section 1170, subdivision (d), for the purpose of conducting a trial on prior convictions, prior adjudications, or sentence enhancements which were the subject of a pending appeal, we invited further briefing on whether the trial court retained jurisdiction over the matter.

Neither party has submitted authority directly addressing this issue. In his supplemental brief, defendant invokes the general rule and contends that the trial court lost subject matter jurisdiction upon the filing of the notice of appeal. (See *People v. Perez, supra*, 23 Cal.3d at p. 554.) Respondent contends that the trial court properly exercised its power, as section 1170, subdivision (d)(1), created "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun. [Citations.]" (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).)

4

Defendant points out that the trial court did not simply resentence him after the notice of appeal was filed, but held a trial, which is not generally permitted after the notice of appeal and prior to the issuance of the remittitur. (See *People v. Saunoa* (2006) 139 Cal.App.4th 870, 871-873.) We agree that section 1170, subdivision (d) does not permit recall of sentence to conduct a new trial on the issue of guilt while an appeal is pending. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1475-1476 (*Alanis*).) However, as respondent notes, the authority cited by defendant did not involve section 1170, subdivision (d), and the trial court did not conduct a new trial on the issue of guilt in this case. In addition, the California Supreme Court has held that so long as the trial court acts within the statute's 120-day time limit, it retains the power to "recall a sentence on its own motion for *any reason rationally related to lawful sentencing*." (*Dix*, *supra*, 53 Cal.3d at p. 456, italics added.) Respondent argues that determining the truth of a prior juvenile adjudication for the purpose of sentencing under the Three Strikes law is rationally related to sentencing.

We find that respondent has the better argument. While *Dix* did not address the precise issue presented here, the Supreme Court made clear that once a sentence is recalled, the trial court may consider factors and circumstances that arose after the original sentencing, so long as the defendant is afforded "'all the normal rights and procedures available at his original sentencing [citations]' . . . ." (*Dix*, *supra*, 53 Cal.3d at pp. 460, 463.) It follows that the trial court may hear evidence to determine how or whether to modify the original sentence. We conclude that the trial court acted properly in recalling defendant's sentence to conduct a trial on the existence of the prior juvenile adjudications, and we turn to defendant's contention that the court was required to afford him a jury trial.

First, defendant argues that his right to a jury trial on the truth of his prior juvenile adjudications was guaranteed by the state and federal constitutions as well as statute, and that because he did not expressly waive his right to a jury trial, the trial court's true findings are void and his sentence must be stricken. The right to a jury trial on a prior conviction used to aggravate a sentence is statutory. (§ 1025; see § 1158.) It is not

guaranteed by the California Constitution (*People v. Vera* (1997) 15 Cal.4th 269, 277) or the United States Constitution. (*People v. Black* (2007) 41 Cal.4th 799, 818-819; see *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, 496 (*Apprendi*); *Almendarez-Torres v. United States* (1998) 523 U.S. 224, 239-244 (*Almendarez-Torres*).)[4] Nor do either the state or the federal constitution require a jury trial as to the fact of a prior juvenile adjudication when used to aggravate an adult sentence. (*People v. Nguyen* (2009) 46 Cal.4th 1007, 1024, 1026-1027.)

A defendant may forfeit his right to challenge the denial of a jury trial by failing to object to the court trial. (See *People v. French* (2008) 43 Cal.4th 36, 46.) Here, after the jury was excused, the trial court proposed scheduling a court trial for the following week, and stated that defendant had "waived his right to a jury on the other issue." Defense counsel responded, "Sure." The court then opted to wait for a probation report and scheduled the sentencing for a later time. At the first sentencing hearing, when the court erroneously indicated that defendant had waived a jury trial on the prior juvenile adjudication and that the trial court had found it true after a bench trial, defense counsel made no comment. The trial court then gave counsel the opportunity to argue defendant's *Romero* motion. Both sides submitted the issue without argument and the court denied the motion after explaining that it "decline[d] to strike [defendant's] sustained petition for the 211 robbery." Defense counsel then said, "I'm sorry. As to the *Romero* motion, your Honor, my understanding is that he actually -- his sustained petition is [section] 245(a)(1). I don't think it was 211." The prosecutor responded she had proof of defendant's sustained juvenile petition based upon section 211, and that she had given the proof to defense counsel. The trial court agreed and added, "We had a court trial.

---

[4] Defendant acknowledges the California Supreme Court has held that no jury trial is required to prove a prior conviction used to aggravate a sentence, but in order to preserve the argument for review, defendant urges a rejection of that holding. He points out the California court relied on dictum in *Apprendi* and *Almendarez-Torres* and contends that the United States Supreme Court is likely to reject the dictum once the issue is squarely before the court. (See *People v. Black*, *supra*, 41 Cal.4th at pp. 818-819 & fn. 8.) As that eventuality has not come to pass, we are bound by the decision of our high court. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Remember?" "A petition was sustained on the robbery, the 211. That was the whole point of having a trial on that issue." Counsel did not object or correct the court's observation.

We conclude that defendant's failure to object in the trial court, despite several opportunities to do so, resulted in a forfeiture of the issue on appeal. (See *People v. French*, *supra*, 43 Cal.4th at p. 46; *People v. Vera*, *supra*, 15 Cal.4th at p. 277; *People v. Saunders* (1993) 5 Cal.4th 580, 589-590.) Respondent contends that even if the issue had not been forfeited, any error would be harmless. We agree. The erroneous denial of a right to a jury trial on prior conviction allegations is reviewed for harmless error under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836, which asks whether it is reasonably probable that a result more favorable to defendant would have been reached absent the error. (*People v. Epps* (2001) 25 Cal.4th 19, 29 (*Epps*).)

As in *Epps*, the error could not possibly have affected the result, as official government documents presumptively established the prior juvenile adjudication and defendant did not claim otherwise. (See *Epps*, *supra*, 25 Cal.4th at pp. 29-30; Evid. Code, § 664.) The prosecution presented certified records in compliance with section 969b consisting of a juvenile petition alleging robbery and two counts of assault, a minute order showing that the petition was sustained based on evidence of robbery, a fingerprint card with defendant's date of birth, and a booking photograph. The trial court found the photograph to depict defendant, and a fingerprint expert testified that he took an impression of defendant's thumb prints, compared them to the prints in the juvenile record, and found them to match. Defense counsel asked no questions of the prosecution witnesses, and did not object to the admission of the section 969b materials.[5]

Thus a reversal of the entire sentence is not required. As the five-year sentence enhancement of section 667, subdivision (a)(1) may not be imposed based on a prior juvenile adjudication, we strike that enhancement. (See *People v. West* (1984) 154 Cal.App.3d 100, 108-110; *People v. Blankenship* (1985) 167 Cal.App.3d 840, 852.) We

---

[5] Counsel merely argued that because defendant believed he had admitted one count of assault in the juvenile court, not robbery, the prior should be deemed invalid.

7

remand the matter only to give the trial court the opportunity to reconsider the entire sentence so long as the total term is not greater than the original total sentence.  (See *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614-615.)

## DISPOSITION

The five-year sentence enhancement imposed pursuant to section 667, subdivision (a)(1), is stricken, and the matter is remanded to the trial court for resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

8