Filed 6/27/13  P. v. Kowitz CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL D. KOWITZ,<br><br>     Defendant and Appellant. | A137407<br><br>(Marin County<br> Super. Ct. No. CR-136557A) |

On a prior appeal, Kowitz challenged several trial court orders addressing the calculation of credits owed for excess time served in custody (hereafter "excess custody credit") and the monetary amount of victim restitution.  (*People v. Kowitz* (Oct. 22, 2012, A132409) [nonpub. opn.], at pp. 4-5.)  In an opinion filed on October 22, 2012, we found certain of Kowitz's claims to be valid, and affirmed in part and reversed in part the monetary amount of victim restitution, and remanded the matter for the trial court to calculate the dollar amount for excess custody credit.  (*Id*., at p. 19.)  The remittitur issued on December 26, 2012.  After receipt of a copy of our opinion but before the issuance of the remittitur, the trial court chose to address the calculation of excess custody credits and a motion by Kowitz to modify the monetary amount of victim restitution at a hearing on December 13, 2012.  In an order filed on that same day, the court set the dollar amount of excess custody credit at $8,010, representing $30 per day for 267 days, and denied a request by Kowitz to modify the victim restitution that had been ordered by this court.  Kowitz timely appealed the December 13, 2012 order. In response to Kowitz's opening brief challenging the December 13, 2013 order, the

1

Attorney General filed a letter, arguing that the order must be reversed because the trial court lacked jurisdiction to act before the issuance of the remittitur on the prior appeal. In response Kowitz filed a letter, arguing that a reversal and remand of the matter without considering the merits of the appeal would be a great waste of judicial resources, contrary to common sense, and not necessarily consistent with the rule of divesture of jurisdiction. As we now discuss, we agree with the Attorney General that the trial court had no jurisdiction to issue its December 13, 2012, order, and accordingly, we reverse and remand for further proceedings after this court issues its remittitur.[1]

"The filing of a valid notice of appeal transfers jurisdiction of a cause to the appellate court until the issuance of the remittitur. [Citation.] Remittitur transfers jurisdiction from the appellate court to the court whose decision was reviewed. [Citation.] 'Until remittitur issues, the lower court cannot act upon the reviewing court's decision; remittitur ensures in part that only one court has jurisdiction over the case at any one time." (*People v. Saunoa* (2006) 139 Cal.App.4th 870, 872.) Concededly, "the pendency of an appeal does not divest the trial court of jurisdiction to determine ancillary or collateral matters which do not affect the judgment on appeal." (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.) However, in this case, the calculation of excess conduct credit and the monetary amount of victim restitution were neither ancillary nor collateral, but the issues that were before this court on the prior appeal. Consequently, the trial court had no jurisdiction to address those matters before the issuance of the remittitur.

We see no merit to Kowitz's request that we recall the remittitur issued on December 26, 2012 in case No. A132490, and reissue the remittitur, "nunc pro tunc," as of December 12, 2012, the day before the hearing and order that is the subject of this appeal. A nunc pro tunc order "is generally limited to correcting clerical errors . . . ." (*People v. Borja* (2002) 95 Cal.App.4th 481, 485.) Here, there was no clerical error

---

[1] Kowitz also asks us to take judicial notice of the clerk's transcript and briefs filed in case No. A132409, and that Jonesboro, Arkansas is in Craighead County, Arkansas. In light of our resolution of this appeal, we deny the request as moot.

made in issuing the remittitur on December 26, 2012.  Further, "[f]or good cause a remittitur may be recalled (Cal. Rules of Court, rule 8.272(c)(2)), but good cause is limited."  (See *In re Gray* (2009) 179 Cal.App.4th 1189,1195-1196.)  By requesting us to recall the remittitur, Kowitz is asking us to "engage in [a] fiction[] to create appellate court jurisdiction," which we will not do.  (*Id.* at p. 1198.)

Nor are we persuaded by Kowitz's argument that a remand is not necessary because the issuance of the December 13, 2012 order was "a simple clerical/timing error," and the parties and the trial court had proceeded with the remand hearing in good faith.  "No authority exists for conducting a harmless error analysis in this context. . . . [T]he trial court's failure to wait for remittitur" renders the December 13, 2012 order "null and void."  (*People v. Saunoa, supra*, 139 Cal.App.4th at p. 872.)  However, after this court issues its remittitur, the trial court in the exercise of its discretion need not hold a new hearing, but may reissue its order.

## DISPOSITION

The December 13, 2012 order is reversed and the matter is remanded for further proceedings after this court issues its remittitur.


_____
Jenkins, J.


We concur:


_____
Pollak, Acting P. J.


_____
Siggins, J.

3