Filed 2/25/15  P. v. Tillman CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075552 |
| Plaintiff and Appellant, | (Super. Ct. No. 09F09412) |
| v. | |
| DERRICK DION TILLMAN, | |
| Defendant and Respondent. | |

In case No. C070879,[1] a jury convicted defendant Derrick Dion Tillman of driving in wanton disregard for persons or property while fleeing a pursuing peace officer (count 1), carrying a concealed weapon (count 2), carrying a loaded firearm (count 3), possession of a firearm by a felon (count 4), and the court found he had two prior strike

---

[1] We take judicial notice of our records in defendant's prior appeal in this case, *People v. Tillman* (May 16, 2013, C070879) (nonpub. opn.), as modified May 24, 2013.  (Evid. Code, § 459, subd. (d).)

convictions. On April 13, 2012, after denying defendant's *Romero*[2] request to strike one of his prior strikes, the trial court sentenced him to 50 years to life based upon consecutive 25-year-to-life terms imposed for the offenses in counts 1 and 4. In so sentencing defendant, the court stated it "believe[d] 50 years to life is too high." The sentences for the two firearm counts were stayed pursuant to Penal Code section 654.[3]

Defendant initially appealed on April 19, 2012. He contended, among other things, that his trial counsel was ineffective for failing to argue to the trial court that it could strike one of his prior strike convictions on just a single count as authorized by *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*), which permitted the trial court to strike prior convictions on an individual count-by-count basis. (*Id.* at pp. 492-493.) We agreed with defendant, vacated his sentence and remanded the matter "to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia, supra*, 20 Cal.4th 490."[4] Our unpublished opinion was filed on May 16, 2013, and the remittitur issued on July 17, 2013.

On November 6, 2012, the voters approved the Three Strikes Reform Act of 2012 (the Act), which became operative on November 7, 2012. In short, the Act amended the

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3] Undesignated statutory references are to the Penal Code.

[4] Our disposition (as modified only by the addition of the final sentence) stated in full, "Defendant's sentence is vacated and we remand this matter to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia*, *supra*, 20 Cal.4th 490. The trial court is directed to correct the abstract of judgment to reflect a main jail booking fee of $270.17 and a main jail classification fee of $51.34, and to send, after resentencing, a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation reflecting the resentencing proceeding and changes to the sentence, if any, and the correction of these two fee amounts. In all other respects, the judgment is affirmed. Upon issuance of the remittitur, the Clerk/Administrator of this court is directed to send a copy of this opinion to the State Bar of California." (*People v. Tillman*, *supra*, C070879; see fn. 1, *ante*.)

2

three strikes law to provide that a defendant sentenced under the three strikes law on or after November 7 would receive a determinate term of imprisonment *if* the defendant's present felony was neither serious nor violent and the defendant was not disqualified because he or she came within the scope of other specified circumstances. Qualifying defendants were to be sentenced as second strike defendants, i.e., to determinate terms. (§ 667, subd. (e).) The Act also added section 1170.126 to the Penal Code, which provided that defendants serving indeterminate three strike sentences imposed prior to November 7, 2012, could petition the trial court for resentencing as second strike offenders if the indeterminate sentence they were then serving was not for a serious or violent felony, or they were excluded from such sentencing because of other specified conditions, and the court did not find them to be an unreasonable risk of danger to public safety. (§ 1170.126, subds. (a)-(b).)

On December 20, 2013, the trial court herein determined that defendant qualified for sentencing under the amended version of the Act because this court had vacated defendant's sentence. The trial court then imposed a determinate term of seven years four months, consisting of the upper term of three years doubled to six years because of the strike for count 1, plus an effective consecutive term of eight months doubled to 16 months because of the strike for count 2.

The People now appeal, contending that "[t]he trial court erroneously applied prospective section 1170.12 rather than retrospective section 1170.126 at [defendant's] resentencing hearing." Defendant responds that resentencing was necessarily governed by the amended three strikes law and he was properly sentenced as a second strike offender. For the following reason, we conclude both parties are wrong.

## DISCUSSION

"When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and *must*

3

be followed.  Any material variance from the directions is unauthorized and void."
(*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982.)

Here, we vacated defendant's sentence and "remand[ed] the matter to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia*, *supra*, 20 Cal.4th 490."  In other words, the trial court was to exercise its discretion by either striking one of defendant's prior strikes, in which case it would resentence defendant to a term of 25 years to life, or by declining to strike either prior, in which case it was to resentence defendant to 50 years to life.  Nothing in our opinion or disposition suggested that we were authorizing resentencing under the Act.  Although the trial court's sentencing order must be vacated on the ground of lack of jurisdiction, this court's disposition of May 16, 2013, directing the trial court to exercise its discretion under *Garcia* in resentencing defendant remains in force because the trial court has not yet complied with it.  (See *People v. Taylor* (1993) 19 Cal.App.4th 836, 842 [appellate court's order remanding the cause with directions remains pending before the trial court until it is acted upon].)[5]

---

[5] We recognize that after the trial court imposed the determinate sentence purportedly pursuant to the Act it addressed our direction for it to exercise its discretion and consider striking one of defendant's prior strike convictions as authorized by *Garcia* and stated it would decline to so strike.  The trial court's error in not following this court's directions on remand is not subject to harmless error analysis.  "No authority exists for conducting a harmless error analysis in this context."  (*People v. Saunoa* (2006) 139 Cal.App.4th 870, 872.)

## DISPOSITION

The sentence imposed by the trial court on December 20, 2013, is vacated and the matter is remanded for the trial court to comply with the resentencing directions set forth in our prior opinion, *People v. Tillman*, *supra*, C070879 (remittitur issued Jul. 17, 2013).

                                                 BUTZ , J.

I concur:

 NICHOLSON , Acting P. J.

5

ROBIE, J.

I concur. The law is clear that a trial court in a criminal case is bound to follow the terms of a remittitur because the terms of the remittitur "define the trial court's jurisdiction" on remand. (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367.) Here, that means the trial court did not have the power to resentence defendant under the provisions of the Three Strikes Reform Act of 2012 (the Act), which became operative while defendant's first appeal was pending in this court, because our remittitur did not provide for resentencing under the Act. Instead, we remanded only so that the trial court could decide under *People v. Garcia* (1999) 20 Cal.4th 490 whether to strike one of defendant's prior strike convictions on just a single count (and for correction of two fee amounts). By deviating from the terms of the remittitur, the trial court acted beyond its jurisdiction. As we said in *Dutra*, "[a] trial court may not disobey a remittitur." (*Dutra*, at p. 1362.)

That said, I write separately to make it clear that defendant is not without a remedy under the Act. If, following resentencing in accordance with the terms of the remittitur in the prior appeal, defendant continues to serve an indeterminate term of imprisonment because of one or more of his prior strikes and if his sentence under the Act would not have been an indeterminate term of imprisonment, then defendant will be entitled to file a petition for a recall of sentence under Penal Code section 1170.126. Although the initial two-year window for filing such petitions closed in November 2014 (see *id.*, subd. (b)), such a petition may be filed "at a later date upon a showing of good cause" (*ibid.*), and I believe the procedural complications of this case ought to be sufficient to meet that threshold.

                                               _____ROBIE_____, J.

1