Filed 5/5/15  Angulo v. Superior Court CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| CHRISTOPHER LOUIS ANGULO,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>     Real Party in Interest. | A144648<br><br>(Contra Costa County<br>Super. Ct. No. 51300151) |

In this mandamus proceeding, petitioner Christopher Louis Angulo seeks a writ of mandate compelling respondent superior court to vacate its order denying his petition for recall of sentence and resentencing pursuant to Penal Code section 1170.18, subdivision (a),[1] which was enacted as part of Proposition 47.[2]  Our review of the parties' briefs and the record lead us to conclude petitioner is entitled to writ relief.  Thus, in accordance with our notification to the parties we might do so, we order issuance of a writ directing respondent court to vacate its order denying petitioner's petition for recall of sentence. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171,

---

[1]  Further statutory references are to the Penal Code unless otherwise specified.

[2]  Proposition 47, passed by the voters at the November 4, 2014 general election, was intended to reduce penalties for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors.  (See *People v. Davis* (2015) 234 Cal.App.4th 1001, 1023.)

177–180; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1239–1241.)  Accordingly, the matter is remanded for respondent court to hold a hearing to determine whether the section 1170.18 petition "satisfies the criteria in subdivision (a)," and, if so, whether petitioner should nevertheless be denied relief because he "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

## I. Background

On November 17, 2012, May Brunckhorst was collecting the quarters from vending machines in a laundromat; she put the quarters in a plastic bag and placed it in a shopping cart next to her.  Petitioner Christopher Angulo grabbed the plastic bag containing the money and ran off.  The victim chased after him and caught hold of him, but let go when Angulo swung at her and missed.  A group of onlookers gave chase and tackled Angulo to the ground.  A passing Pleasant Hill police officer saw the chase, responded to the scene and took Angulo into custody.

Subsequently, Angulo was charged with second degree robbery (§§ 211, 212.5(c)) with several prior conviction allegations , including a prior serious felony conviction (residential burglary), and two prior prison convictions for corporal injury to a spouse/cohabitant and battery upon a police officer.  At a sentencing hearing held on October 8, 2014, Angulo pleaded guilty to an amended count of grand theft "from the person of another" (§ 487(c)), admitted two prison priors, and received a half-time eligible sentence of five years imprisonment (aggravated term of 3 years on grand theft plus a consecutive one year for each of the prison priors), with 504 days actual credit plus 504 conduct credits.

On November 20, 2014, Angulo filed a petition for recall of sentence and request for resentencing pursuant to section 1170.18, subdivision (a).  The court held a hearing on the petition on January 30, 2015.  After entertaining argument of counsel, the court denied the petition because any relief under Proposition 47 would constitute "a windfall to the defense because the prosecution dismissed more serious charges."  The same day

2

the court filed a minute order noting it denied the petition because "Prop. 47 does not apply."

On April March 30, 2015, Angulo filed in superior court the notice of appeal of the trial court's denial of his petition for recall of sentencing.[3]  On April 1, 2015, Angulo filed this petition for writ of mandate, contending that mandamus relief is appropriate because if he is granted Proposition 47 relief he would be entitled to immediate release from custody.

## II.  Discussion

Section 1170.18, subdivision (a) provides:  "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (*Ibid.,* italics added.)  Proposition 47 reduced the offense of theft from a person from a felony to a misdemeanor where the value of the property does not exceed $950. (See §§ 490.2, 1170.18, subd. (a).)  Petitioner pleaded guilty to theft from a person, thus he contends he is entitled to petition for recall of his sentence because by its plain language section 1170.18 applies to convictions by trial or plea, and asserts the trial court erred by engrafting a plea agreement disqualifier into the statute.  We agree.

_____

[3]   The notice of appeal was received and lodged in this court on April 7, 2015, and case No. 144724 was assigned to the appeal.  The filing of the notice of appeal transferred jurisdiction over the matter to this court.  (See *People v. Saunoa* (2006) 139 Cal.App.4th 870, 872 [filing of a valid notice of appeal transfers jurisdiction of a cause to the appellate court].)  On April 29, we issued an order notifying the parties we were prepared to issue a peremptory writ in the first instance in this matter after jurisdiction was transferred back from this court to Contra Costa County Superior Court.  After Angulo filed a request for dismissal in case No. 144724 on April 30, we dismissed the appeal and immediately issued the remittitur on May 6, thereby transferring jurisdiction over the matter back to superior court.  (*Saunoa*, at p. 872 [issuance of the remittitur transfers jurisdiction from the appellate court to the court whose decision was reviewed].)

3

" 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.  [Citation.]  Thus, "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  [Citation.]'  [Citation.]  In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' " (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Here, section 1170.18 clearly and unambiguously states, "A person currently serving a sentence for a conviction, *whether by trial or plea*" of eligible felonies may petition for resentencing to a misdemeanor.  (*Id*., subd. (a), italics added.)  The only persons categorically ineligible are those with prior convictions for an enumerated handful of serious crimes, such as murder, rape, or child molestation.  (See §§ 490.2, subd. (a), 667, subd. (e)(2)(C)(iv) [listing the disqualifying prior violent convictions].)  After a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime.  (See § 1170.18, subds. (b), (c).)  The statute does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement.

Moreover, Proposition 47 "was intended to reduce penalties for 'certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors.'  Those crimes were identified as 'Grand Theft,' 'Shoplifting,' 'Receiving Stolen Property,' 'Writing Bad Checks,' 'Check Forgery,' and 'Drug Possession.'  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legis. Analyst, pp. 35–36, boldface & italics omitted.)  'This measure allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences. . . .  In addition, the measure states that a court is not required to

4

resentence an offender currently serving a felony sentence if the court finds it likely that this offender will commit a specified severe crime.' [Citation.] This was echoed by the proponents of Proposition 47, who argued the measure 'is sensible' in that it 'Stops wasting prison space on petty crimes and focuses law enforcement resources on violent and serious crime by changing low-level nonviolent crimes such as simple drug possession and petty theft from felonies to misdemeanors.' (Voter Information Guide, argument in favor of Prop. 47, at p. 38.)" (*People v. Davis, supra,* 234 Cal.App.4th at p. 1023, italics omitted.)

Viewed in light of these objectives, our interpretation of section 1170.18, which adheres to its plain and unambiguous language, clearly " 'effectuate[s] the intent of the voters' " who passed Proposition 47. (*People v. Briceno, supra,* 34 Cal.4th at p. 459.) Furthermore, our interpretation conforms to the general rule announced by our Supreme Court in *Doe v. Harris* (2013) 57 Cal.4th 64: "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Id.* at p. 66.) Accordingly, Angulo is entitled to petition for recall of his sentence notwithstanding that his conviction was obtained by a plea agreement.

Therefore, let a peremptory writ of mandate issue commanding respondent Superior Court of Contra Costa County, in its case No. 51300151, to vacate its order entered on January 30, 2015, denying Angulo's petition for recall of sentence. Upon remand, respondent court is directed to hold a hearing to determine whether petitioner's section 1170.18 petition "satisfies the criteria in subdivision (a)," and, if so, whether petitioner should nevertheless be denied relief because he "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Our decision is final in this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

5

_____
DONDERO, J.

We concur:


_____
MARGULIES, Acting P.J.


_____
BANKE, J.

6