Filed 10/22/15  P. v. McCutchen CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KAYL GERARD McCUTCHEN,<br><br>        Defendant and Appellant. | A142367<br><br>(Contra Costa County<br>Super. Ct. No. 51007624) |

Last year, this court affirmed defendant Kayl Gerard McCutchen's murder and robbery convictions, but vacated his sentence of life without the possibility of parole and remanded for resentencing in light of his juvenile status and *Miller v. Alabama* (2012) __ U.S. __ [132 S.Ct. 2455, 183 L.Ed.2d 407] (*Miller*).  The trial court resentenced defendant, again to life without the possibility of parole, but did so before this court issued a remittitur.  Both parties agree the absence of a remittitur deprived the trial court of jurisdiction to act and rendered its resentencing a nullity.  We also agree and therefore reverse and remand for a new sentencing hearing.[1]

On July 16, 2010, the Contra Costa District Attorney filed an information charging defendant with murder (Pen. Code, § 187)[2] accompanied by a robbery special circumstances allegation (§ 190.2, subd. (a)(17)), second degree robbery (§§ 211, 212.5, subd. (c)), and attempted second degree robbery (§§ 664, 211, 212.5, subd. (c)).  In

---

[1] We conclude this matter is proper for disposition by memorandum opinion in accordance with California Rules of Court standard 8.1.

[2] All further statutory references are to the Penal Code.

1

connection with all three charges, the prosecution alleged personal use and intentional discharge of a firearm causing great bodily injury and death (§ 12022.53, subds. (b)–(d)). Defendant was 17 at the time of the offenses.

A jury found defendant guilty as charged and the trial court sentenced him to life without the possibility of parole.

Defendant appealed. On March 11, 2014, this court affirmed defendant's convictions but remanded for resentencing given defendant's juvenile status and *Miller*. (*People v. McCutchen* (Mar. 11, 2014, A134003) [nonpub. opn.].)

On April 14, 2014, defendant filed a petition for review in the Supreme Court.

On April 29, 2014, the trial court resentenced defendant to life without the possibility of parole.

On June 11, 2014, the Supreme Court denied defendant's petition for review. This court issued its remittitur on June 12, 2014.

Defendant filed a timely notice of appeal from the resentencing.

Because the trial court resentenced defendant before the appeal process had run its course and this court issued its remittitur, the trial court was without jurisdiction to act. " ' "[F]iling of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." ' " (*People v. Flores* (2003) 30 Cal.4th 1059, 1064.) Accordingly, until the issuance of the remittitur, the trial court lacks the power to hear or determine the case, which is a lack of jurisdiction in its fundamental or strict sense. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) Remittitur ensures that only one court at a time has jurisdiction over the case. (*People v. Saunoa* (2006) 139 Cal.App.4th 870, 872.)

This rule protects the appellate court's jurisdiction by preserving the status quo until the appeal is decided and also prevents the trial court from rendering an appeal futile. (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089; *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.) " 'The loss of jurisdiction is so complete that even the consent of the parties is ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal.' " (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180,

2

197, fn. 9, quoting *Lerner v. Superior Court* (1952) 38 Cal.2d 676, 680.)  Thus, because the trial court resentenced defendant on April 29, 2014—more than a month before the remittitur issued—the court's act was a nullity.[3]

We therefore vacate the April 29 sentencing decision and remand for a new sentencing hearing and decision.

---

[3] Accordingly, we need not, and do not, reach any other issues raised by defendant in this appeal.

_____

Banke, J.

We concur:


_____

Margulies, Acting P. J.


_____

Dondero, J.

A142367, *People v. McCutchen*