Filed 8/16/16  P. v. Allen CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL ALLEN,<br><br>    Defendant and Appellant. | B265725<br><br>(Los Angeles County<br>Super. Ct. No. MA056609) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric Harmon, Judge.  Remanded for resentencing.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Gabriel Allen previously appealed his convictions of a series of criminal offenses against a minor. This court affirmed some convictions and reversed others, remanding the matter to the trial court for resentencing. (*People v. Allen* (Mar. 18, 2015, B250775) [nonpub. opn.].) The trial court resentenced Allen, but it did so prior to the issuance of the remittitur. Because the trial court lacked jurisdiction at the time of resentencing, we vacate the sentence and again remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Allen was convicted of seven criminal offenses arising from his sexual contact with a minor and his surreptitious recording of an adult and children while unclothed and/or using a restroom. (*People v. Allen* (Mar. 18, 2015, B250775) [nonpub. opn.].) On appeal, we rejected Allen's claim that his counsel had been ineffective in failing to accurately inform him of his maximum possible sentence during plea negotiations, concluding that Allen had failed to establish any prejudice from the allegedly deficient representation. (*Id*.) We reversed the convictions on three counts for insufficient evidence and remanded the matter for resentencing. (*Id*.) This court issued the remittitur on July 6, 2015.

Prior to the issuance of the remittitur, on July 2, 2015, the trial court resentenced Allen on the surviving criminal convictions. Allen appeals.

## DISCUSSION

Allen and the Attorney General agree, as do we, that his sentence must be vacated because the trial court lacked jurisdiction when it resentenced him before the Court of Appeal issued the remittitur. "The filing of a valid notice of appeal transfers jurisdiction of a cause to the appellate court until the issuance of the remittitur. [Citation.] Remittitur transfers jurisdiction from the appellate court to the court whose decision was reviewed. [Citation.] 'Until remittitur issues, the lower court cannot act upon the reviewing court's decision; remittitur ensures in part that only one court has jurisdiction over the case at

2

any one time.' [Citation.]" (*People v. Saunoa* (2006) 139 Cal.App.4th 870, 872.) We vacate the sentence and remand for resentencing.

Allen also argues that his sentence must be vacated because he was represented by counsel with a conflict of interest and because the trial court neither obtained a supplemental probation report pursuant to California Rules of Court, rule 4.411(c) nor a waiver of that requirement prior to resentencing him. As we have already concluded that the sentence must be vacated because the court lacked jurisdiction over Allen at the resentencing hearing, we need not consider Allen's claims of additional errors at that hearing.

## DISPOSITION

The judgment is reversed and the matter remanded for resentencing.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.