Filed 9/15/21  P. v. Palmer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> JOHN LOUIS PALMER, <br><br>    Defendant and Appellant. | 2d Crim. No. B307289 <br> (Super. Ct. No. F000180189001) <br> (San Luis Obispo County) |

This is appellant John Louis Palmer's second appeal in this matter.  In the first appeal, we reversed the trial court's order denying appellant's petition to vacate his 1992 second degree murder conviction and obtain resentencing under Penal Code section 1170.95.[1]  (*People v. Palmer* (July 10, 2020, B298861) [non-pub. opn.].)  In the present, second appeal he challenges a subsequent order denying the same petition.  When the superior court made the subsequent order, the remittitur had not yet been issued in the first appeal.  The parties agree that the pre-

_____

[1] All statutory references are to the Penal Code.

remittitur denial of the petition is void because the superior court lacked subject matter jurisdiction.  We conclude that all proceedings in the lower court after the filing of the notice of appeal in the first appeal and before the issuance of the remittitur are null and void.  We reverse and remand for further proceedings.  For the guidance of the superior court on remand, we discuss a separate issue raised by appellant.

*Procedural Background*

Appellant was charged with the first degree murder of his grandmother.  She was killed by appellant's accomplice during a burglary of her residence.

Appellant pleaded guilty to second degree murder and first degree residential burglary.  He was sentenced to prison for four years on the burglary and a concurrent term of 15 years to life on the second degree murder.

In 2019 appellant petitioned for resentencing under newly enacted section 1170.95.  The statute provides that, if the petitioner makes a prima facie showing of eligibility for relief, "the court shall issue an order to show cause" and "hold a hearing to determine whether" the petitioner is entitled to relief. (§ 1170.95, subds. (c), (d)(1).)  The superior court found that appellant had made the requisite prima facie showing, but it did not issue an order to show case.  Instead, it denied the petition because it concluded that section 1170.95 is unconstitutional.

Appellant appealed.  We upheld the constitutionality of section 1170.95.  We reversed and remanded "with directions to issue an order to show cause and set the matter for a hearing pursuant to section 1170.95, subdivisions (c) and (d)(1)." (*People v. Palmer*, *supra*, slip opn. at p. 11.)

2

The remittitur issued on September 1, 2020. Twelve days earlier, on August 20, 2020, the superior court had denied appellant's petition after conducting a hearing. The court found that appellant had not intended to injure his grandmother and had not "personally participated in the murder." The court denied the petition because appellant could now be convicted of murder under the felony-murder rule since he "was a major participant and . . . he did act in reckless indifference and disregard for human life."

*Senate Bill 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437) amended section 189, insofar as it pertains to the felony-murder rule, to add subdivision (e), which provides in relevant part: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [e.g., burglary,] in which a death occurs is liable for murder only if one of the following is proven: . . . (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.) S.B. 1437 amended section 188 to eliminate liability for murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 843.)

Section 1170.95, added by S.B. 1437, provides in subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. One of the conditions is that "[t]he petitioner could not be convicted of first

3

or second degree murder because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019." (*Id.*, subd. (a)(3).)

### *All Proceedings after Filing of Notice of Appeal and before Issuance of Remittitur Are Null and Void*

"The filing of a valid notice of appeal transfers jurisdiction of a cause to the appellate court until the issuance of the remittitur. [Citation.] Remittitur transfers jurisdiction from the appellate court to the court whose decision was reviewed. [Citation.] 'Until remittitur issues, the lower court cannot act upon the reviewing court's decision; remittitur ensures in part that only one court has jurisdiction over the case at any one time.' [Citation.] [¶] The [superior] court [in the present case] had no jurisdiction to [issue an order to show cause and conduct a hearing] prior to issuance of the remittitur. [Citation.] [¶] . . . [T]he [superior] court's failure to wait for remittitur . . . renders all proceedings conducted [after the filing of the notice of appeal and before issuance of the remittitur] . . . null and void." (*People v. Saunoa* (2006) 139 Cal.App.4th 870, 872.)

A similar situation occurred in *People v. Burhop* (2021) 65 Cal.App.5th 808. There, as here, the lower court denied a section 1170.95 petition on the ground that S.B. 1437 is unconstitutional. The appellate court reversed and remanded the matter for further proceedings. Before the remittitur issued the lower court conducted a hearing, vacated the petitioner's second degree murder conviction, and resentenced him. The Court of Appeal held that the *orders adjudicating* petitioner's section 1170.95 petition "are null and void because they were made before the remittitur was issued in [the appeal], and were thus made while the [lower] court did not have subject matter jurisdiction to issue

4

orders affecting [petitioner's] section 1170.95 petition."  (*Id*. at p. 813.)

Here, the lack of subject matter jurisdiction extends not only to the superior court's pre-remittitur orders, but also to the pre-remittitur evidentiary hearing conducted pursuant to section 1170.95, subdivisions (c) and (d)(1).  Thus, on remand the superior court must start from scratch.  The People correctly note:  "The case law . . . makes it clear that the entire August 20, 2020 evidentiary hearing is a nullity, and no part of it may be used for any purpose."  "However wasteful another evidentiary hearing may seem, 'the trial court's failure to wait for remittitur before conducting the [hearing] renders all proceedings . . . , and their results, null and void.'  (*People v. Saunoa, supra*, 139 Cal.App.4th at p. 872.)"

*Disposition*

The order denying appellant's section 1170.95 petition is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and conduct a de novo hearing consistent with this opinion.

NOT TO BE PUBLISHED.


                                                            YEGAN, J.


We concur:



            GILBERT, P. J.



            TANGEMAN, J.


5

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez, Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.